## Bank *against* Klingensmith.

The refusal by a plaintiff in a judgment against a principal and a surety to issue an execution upon it, at the instance of the surety, for the purpose of levying the property of the principal, is a good consideration for a promise to release the surety; and upon such promise being made, he is released; and in such case it is not necessary for the surety to be able to prove that the debt might have been made upon the execution against the principal.

ERROR to the common pleas of *Westmoreland* county.

The Westmoreland Bank against John B. Williams, Robert Story and John Klingensmith. *Scire facias post annum et diem.* Plea, payment with leave, &c. Replication, *non solvit.*

This *scire facias* was brought to revive a judgment which was originally had against J. B. Williams, Robert Story and the present defendant. That judgment was obtained upon a note discounted in the bank, in which Williams was the drawer, Story was first indorser, and defendant the second indorser.

The money obtained for this note was for the joint benefit of Williams and Story as partners, and therefore the defendant as indorser was their surety to the bank for the payment; and these facts were known to the officers of the bank. In February 1824, when Story was about to start with a drove, Klingensmith went to the cashier, Paul Morrow, and told him Story's property was going away, and wished him to issue an execution to release him from that bail for Story: Morrow refused, saying the sheriff could not go to execute it. The defendant said it could be served immediately, if he would issue it, and there was property sufficient. Morrow then said that Story was good enough for all his debts, and he would send that horse on, and when he would make sale of these horses, he would return and pay all his debts; that defendant need not be disturbed about it, for he would give him clear of his indorsement, and take Story for it. Klingensmith spoke to him about the quantity of property on the place, and Morrow said he would return the property (he had bought) to go in the drove; that he need not give himself any more trouble about it; Story was good enough, and he would release defendant at any time. No execution was issued, and it was contended that the defendant was thereby discharged.

The court below (White, President) instructed the jury, that if they believed that the defendant was prejudiced by the refusal of the cashier to issue the execution—that he might have procured property to be levied on for the payment of the debt, the plaintiff could not recover in this suit.

Verdict for the defendant.

[Bank v. Klingensmith.]

*H. D. Foster*, for plaintiff in error, cited, 3 *Wheat.* 520 ; 16 *Serg. &
Rawle* 252 ; 5 *Johns. Chan.* 308 ; 3 *Penns. Rep.* 405.

*Coulter*, for defendant in error.

PER CURIAM.—It was not indispensable to show that the defendant, Klingensmith, could certainly have saved himself, had not his efforts been relaxed by the bank's verbal release.   Deprivation of the chance of doing so was a prejudice to him, and consequently a consideration for the promise to exonerate him.   It is impossible to say what he might not have effected, had not the bank refused him the assistance of its process.   The declaration that it would not look to him in any event was an agreement ; and the relinquishment of his chance of indemnity was a valuable consideration for it.   The court therefore charged even too favourably for the bank, when it required evidence that an execution against those who stood before him in the order of liability would have been productive : he could not but sustain injury from the withholding of it.

Judgment affirmed.