## Bank of the United States *versus* Peabody.

When *collaterals* are placed in the hands of the creditor and they are lost by his negligence, the debt is extinguished; or where they are not accounted for he is chargeable with their value; but where they have never been in the possession or control of the creditor, but have been placed by the debtor in the hands of a third person appointed by himself, the creditor may recover on the principal security, though the collaterals be not accounted for.

ERROR to the District Court, *Philadelphia*.

This was an action on the case by George Peabody *v.* The President, Directors, and Company of the Bank of the United States.

It was brought on two obligations of the Bank of the United States. By one of these, the bank promised to pay at the banking-house of De Rothschild & Brothers, in Paris, 2530 francs, on 15th October, 1841. A copy of this paper, which had been filed of record, was withdrawn by the plaintiff with the leave of the Court, before judgment.

The remaining obligation was for the sum of £500, payable on 15th April, 1842, at the banking-house of Messrs. Denison & Co., in London, with interest thereon, semi-annually.

The instrument was as follows:

*Bank of the United States*
Loan of £800,000.

£500.                                                      No. 361.

The President, Directors, and Company of the Bank of the United States promise to pay the bearer, on the 15th day of April, 1842, at the banking-house of Messrs. Denison & Co., in London, five hundred pounds Sterling, with interest thereon from the 15th day of October, 1839, at the rate of six per centum per annum, payable semi-annually, on the delivery of the annexed Coupons.

This Note forms part of a loan of £800,000, secured by State Stocks, deposited with Messrs. Denison & Co., agreeably to deed of trust, a copy of which is on the reverse hereof.

London, this 14th day of October, 1839.

For the President, Directors and Company
of the Bank of the United States.
S. JAUDON, Attorney.

A copy of the several documents endorsed on and annexed to it were also filed of record. In addition to these, certain statements were filed, crediting numerous payments on account, &c. Within the time limited by the Act of Assembly, the defendants filed an affidavit, containing several matters of defence to the action.

[Bank of the United States v. Peabody.]

On a rule to show cause, the Court below entered judgment for want *of a sufficient affidavit of defence.*

In 1839, Samuel Jaudon, acting as attorney in fact of the Bank of the United States, in London, procured a loan in favor of the bank, from or through Denison & Co. of that city. These persons composed a firm of bankers, whose chief business was receiving on deposit, and investing the money of their customers. They were the only parties known in the transaction to the bank, or to its attorney. The whole amount of the loan was £800,000. The obligation sued on is one of a series given by the bank for its repayment. At the date of the loan, Jaudon, on behalf of the bank, deposited in the hands of Denison & Co. the following collateral securities, belonging to the bank:

| | | |
|---|---|---|
| 617 Certificates of Pennsylvania 5 per cent. stock, | $2,662,000 |
| 300 Bonds of Michigan 6 per cent. stock, | 900,000 |
| 444 Bonds of Mississippi 5 per cent. stock, | 888,000 |
| | Amounting altogether to | $4,450,000 |

An agreement or declaration of trust was given by Denison & Co., specifying the character and object of these securities, and a copy of this document was printed on the back of each of the obligations given by the bank, including that on which the present action was brought.

In this declaration of trust, it was provided, among other things, that in case of any default in the due payment of the obligations, or any of them, Denison & Co. should be at liberty to sell or otherwise dispose of the said state stocks, or any part thereof, and apply the proceeds to the payment of the notes, &c.

The interest on the collateral securities thus deposited, had been received from time to time by Messrs. Denison & Co. By a paper filed in the cause the plaintiff admitted, for the purposes of this action, that he had received a portion of the interest due from the stocks, on account of the £500.

In the affidavit of defence, made by Jaudon, it was stated that he, "acting as the agent of the bank, deposited with the lenders, as collateral security for the sums borrowed, the several stocks and securities which are specified and set forth in certain deeds of trust, endorsed on or annexed to the obligations on which this suit is brought. When the loans were made, the stocks deposited were, as I am informed, believed by both parties to be fully sufficient to secure the repayment of the amounts loaned. I am not able to state, on my own knowledge, their present value, but believe them to be sufficient in value to secure a very large amount of each of the said loans. A portion of the stocks so specified, continue to be held by the above-mentioned firms, on account of

[Bank of the United States *v.* Peabody.]

and for the use and benefit of the plaintiff, and other holders of
the said obligations, in the manner set forth in the deeds of trust,
endorsed thereon or annexed thereto. I expect and believe the
defendants will be able to prove that the plaintiff received the
obligations sued on *after their maturity*, and I am advised to sub-
mit to the Court that he received the same with the full knowledge
of the arrangements evidenced by the said deeds of trust, partici-
pated in the benefits thereof, and became a party to the said trans-
actions. Neither the said Messrs. De Rothschild Brothers, Messrs.
Denison & Co., nor the plaintiff, have accounted to the bank for
the stocks and securities deposited, except, &c. (Here followed
exceptions, *in which the present obligation was not embraced.*)
The remainder of the stocks so deposited have not been in any
wise accounted for."

It was submitted to the Court, whether the plaintiff was entitled
to judgment, until he or his agents, De Rothschilds Brothers,
and Denison & Co., who continue to hold the remainder of the
said stocks for his account and benefit, have credited the same on
account of the debt which he claims; or until the plaintiff, or his
agents, has rendered a full account of the said stocks, and of his
and of their transactions in regard to the same; or until the plain-
tiff has offered to return the said property for the benefit of other
creditors of the bank; and whether he was entitled to retain the
same under his control and for his benefit, and at the same time
to take judgment for the full amount of the face of the obligations
on which he sues.

The opinion, by SHARSWOOD, Pres. J., was as follows:—"Upon
the papers filed it is by no means an inference either of law or
fact that Messrs. Denison & Co. were the agents *of the plaintiff*.
Certain stocks and securities were deposited in their hands by the
defendants, as securities for the holders of a certain loan contracted
by them. The fact is stated upon the face of the instrument sued
upon, and the plaintiff took it, undoubtedly, with the knowledge
that there was a collateral in the hands of the trustees. It might
be urged, indeed, with great plausibility that Denison & Co. were
the agents of the defendants, if they were the agents of either
party. They were nominated by the bank, but in truth they are
to be considered as the holders, by assignment, from the bank, for
the benefit and security of both parties. It is not the case then
of collaterals, placed in the hands of the creditors, to which case
only do the cases of Lyon *v.* Huntingdon Bank, 12 *Ser. & R.* 67, and
Spalding *v.* Bank of Susquehanna county, 9 *Barr* 29, apply. There
may be reasons for holding that the creditor in such case shall pro-
duce or account for such collaterals. Then if the defendants pay
the plaintiffs' claim, they have a right to call on the trustees to
account. If the trustees have actually paid anything on account

to the plaintiff, for which credit has not been given, it is incumbent on the defendants to allege and prove it. The plaintiff cannot begin by proving a negative, otherwise than by calling the trustees themselves as witnesses; whereas, when the creditor himself is the holder of the collateral, he can easily produce it if he is still the holder. In the case before us, then, the onus is on the defendant, and the facts presented in his affidavit, do not, in our opinion, amount to any defence.        Rule made absolute."

Error was assigned to the decision that the affidavit of defence was insufficient, and to the entry of judgment.

*Porter*, for plaintiff in error.—It was alleged that under the assignments made by the Bank U. S. in 1841, there was a large class of claimants who have no such security as the plaintiff has.

That collateral securities should be credited or accounted for, reference was made to 12 *Ser. & R.* 67, Lyon v. The Huntingdon Bank; 9 *Barr* 28, Spalding v. The Bank of Susquehanna Co.; 1 *Jones* 120, Ins. Co. v. Smith; 2 *Whar. Dig.* 496, sec. 294, Krantler v. Bank U. S. *Story on Bailments*, sec. 343, as to duty of a pawnee to account.

*Randall* was for defendant in error, but the Court declined to hear him. In his printed argument reference was made to the case of Kittera's Estate, 5 *Harris* 416, as respects *collateral securities*.

The opinion of the Court was delivered by

BLACK, C. J.—The agent of the Bank of the United States deposited with the Messrs. Denison & Co., of London, certain American State stocks amounting in the whole to the sum of $4,450,000, to be held in trust as collateral security for the repayment of 800,000*l.* which it was intended to raise upon the post notes of the bank. The notes were issued, and this suit is brought on one of them.

It is not denied that the bank is *primâ facie* responsible by virtue of the note. It is not alleged that the plaintiff received anything from Denison & Co. out of the collaterals except what he has credited. But it is asserted by the bank that the plaintiff is bound to look to the collaterals first, and to account for them to the defendant before he can recover on the note.

When collaterals are placed in the hands of the creditor himself and they are lost by his negligence, the debt is extinguished (12 *S. & R.* 67). When he converts them to his own use, as he is always presumed to have done when he refuses, without reason, to furnish an account of them, he is chargeable with their full value (9 *Barr* 28). But this does not touch the present case. The

[Bank of the United States *v.* Peabody.]

question here is, whether the creditor is required to account in an action on the main security for collaterals which were never in his hands or under his dominion, which therefore could not have been lost by his default, and from which he never did in fact realize anything. It is not possible to doubt that under these circumstances, he may recover against the defendant just as if the transaction with Denison & Co. had never been. Even where collateral securities are placed in the custody of the creditor if he has been guilty of no negligence, has realized nothing from them, and has never withheld information concerning them when requested to furnish it, he is entitled to judgment against the principal debtor. This was decided very lately in Lord *v.* The Ocean Bank, 8 *Harris* 384. *A fortiori* there may be such a recovery when they are placed by the debtor in the hands of a third person who is a trustee appointed by himself.

The state stocks were given to Denison & Co. for the purpose of obtaining, for the post notes, a credit which otherwise they could not have got. But though the holders of the notes may have trusted the bank partly on the faith of the stocks, there is no stipulation which makes them the exclusive fund from which payment is to be made. The notes are a promise by the bank to pay a certain sum of money at a certain time and place. The promise has been broken; a right of action has accrued; and it cannot be defeated by an arrangement between the debtor and her London bankers which resulted in no benefit to the creditor.

Judgment affirmed.