## BOYD *et al.* v. TECUMSEH STATE BANK.

No. 4779. Opinion Filed October 12, 1915.

Rehearing Denied December 21, 1915.

(153 Pac. 666.)

PLEDGES—Surrender of Collateral—Action on Note—Defense. Where, in a suit on a promissory note made, executed, and delivered by defendants to plaintiff for advancements, the evidence disclosed, in support of a plea of want of consideration, that, to secure said advancements, defendants had pledged to plaintiff 169 bales of cotton, and with plaintiff's consent had thereafter shipped the same to K. for sale and accounting, and had turned over the bills of lading with draft on K. attached for $5,100 to plaintiff for collection, which was paid, and the proceeds credited on the amount advanced, that defendants at the same time executed to plaintiff a written assignment of all of their remaining interest in the cotton, which it "accepted," and that plaintiff realized nothing further from the sale of the cotton, which was sold for a price fixed by defendants, and account sales were rendered to them by K., **held,** that defendants were not entitled to an accounting from plaintiff on the further proceeds of the sale, that the evidence was insufficient to defeat a recovery on the note, and that the court did not err in setting aside a judgment for defendants and granting plaintiff a new trial.

(Syllabus by the Court.)

*Error from District Court, Pottawatomie County;*
*Charles B. Wilson, Jr., Judge.*

Action by the Tecumseh State Bank against Harrison J. Boyd and another. Judgment for defendants, and from an order granting a new trial they bring error. Affirmed.

*T. G. Cutlip* and *Geo. A. Outcelt,* for plaintiffs in error.

*Arrington & Arrington,* for defendant in error.

TURNER, J.  On September 9, 1912, in the district court of Pottawatomie county, Tecumseh State Bank, defendant in error, sued Harrison J. Boyd and F. M. Redding, plaintiffs in error, on their past-due promissory note made, executed and delivered by them to the bank on May 13, 1910, for $1,694, with interest from date. In their amended answer defendants, after a general denial, admitted the execution and delivery of the note, but pleaded want of consideration. For a second defense they specifically alleged that prior to the execution of the note they were partners engaged in buying and selling cotton at Tecumseh; that at that time they were the owners of 169 bales, of the value of some $10,000, which they pledged to the bank to secure $9,295 advanced them by the bank to buy it; that the bank shipped the cotton and sold it and accounted for only $5,100 of the proceeds, of which, they say, there was more than enough remaining in its hands to pay their entire indebtedness to the bank, and hence, they say, they owe the bank nothing. They pray for an accounting and judgment over, etc. After issue joined by reply there was trial to a jury, and judgment for defendants. But a motion for new trial was sustained and a new trial granted plaintiff on the ground that the verdict was not sustained by the evidence. Defendants bring the case here, and say that in so doing the court erred in

passing on a pure, simple, unmixed question of law, in that the evidence reasonably tends to prove they were entitled to an accounting. There is no dispute as to the facts. The evidence discloses that on May 16, 1908, Boyd and Redding were partners engaged in buying and selling cotton at Tecumseh, and were on that date indebted to the bank in the sum of $9,295, for advancements. At that time the bank was in possession of cotton checks and tickets representing 169 bales pledged to it by defendants to secure the payment of said advancements. On the same day defendants, with the consent of the bank, shipped the cotton to W. Kemptner at Galveston for sale and accounting, and thereafter turned over the bills of lading with draft attached for $5,100 to the bank for collection, which was done, and the proceeds duly credited by the bank on their said indebtedness, thereby reducing the same to $4,393.91. At the same time Boyd and Redding executed to the bank the following:

"TECUMSEH, OKLA., *May* 16, 1908.

"W. K. Kemptner, Galveston, Texas: For value received we hereby assign any interest we may have in 169 bales of cotton on which we have this day drawn on you through the Tecumseh State Bank for $5,100.00 above the said $5,100 and freight, interest, insurance, storage and commission to the said Tecumseh State Bank as security for claims held against us. Hereby granting to the said Tecumseh State Bank the right to have said cotton sold at their discretion, the proceeds to be remitted to them.

"BOYD & REDDING.

"Accepted.

"This assignment is continued as security for a new note taken this 9th day of September to represent the same indebtedness.

"BOYD, H. J.
"F. M. REDDING."

It is undisputed that the bank neither shipped nor sold the cotton nor received any of the proceeds arising from its sale except the $5,100, as stated. Redding, however, after the cotton was shipped, went to Galveston, directed its sale and received from Kemptner the account sales, which disclose that it sold for 7¼ cents per pound, pursuant to his directions, and that plaintiff was unknown to Kemptner in the transaction, except to the extent of the draft. The low price of the cotton was, no doubt, owing to the fact that 23 bales, which defendants shipped over the Rock Island Raiload, were, when they arrived at their destination, according to the allegations of the petition in defendants' suit in damages against the carrier, in an unmarketable condition. And the same was true, perhaps, of 63 bales which they shipped over the Missouri, Kansas & Texas Railway, and for which they sued said company in damages. The evidence fails to disclose the amount of charges for freight, insurance, storage, or commissions incident to the sale of the cotton by Kemptner, or that any balance was due from him to defendants, or any one else, arising from the sale. Just when the sale took place the evidence fails to disclose. It does disclose, however, that thereafter, and after the credit of said $5,100 had been made, and the debt due the bank had been reduced to $4,393.91, defendants executed their promissory notes therefor, and by additional payments from time to time further reduced the same until said indebtedness became evidenced by the note sued on and one other for $2,000 of even date therewith, which was entitled to a credit of $500, and that never since the sale of the cotton up to the time this suit was brought had they demanded an accounting, but, on the other hand, had frequently and expressly acknowledged the justness of plaintiff's claim.

It ·profited them nothing to prove, which they diid, the reasonable market value of the cotton at Tecumseh on May 16, 1908, when last in plaintiff's hands; this for the reason the proof discloses that it was taken out of their hands on that day, placed in the hands of a third party selected by the pledgors, and by them sold, and that plaintiff realized nothing therefrom except the $5,100 accounted for. Such being the state of the record, defendants were not entitled to an accounting, but plaintiff was entitled to judgment against them on the note sued.

In *Bank v. Peabody,* 20 Pa. 454, the court said:

"When collaterals are placed in the hands of the creditor himself and they are lost by his negligence, the debt is extinguished. [*Lyon v. Huntingdon Bank*] 12 Serg. & R. [Pa.] 67. When he converts them to his own use, as he is always presumed to have ·done when he refuses, without reason, to·furnish an account of them, he is · chargeable with their full value. [*Spalding v. Bank of Susquehanna County*] 9 Pa. 28. * * * The question here is whether the creditor is required to account in an action on the main security for collaterals which were never in his hands or under his dominion, which therefore could not have been lost by his default, and for which he never did, in fact, realize anything. It is not possible to doubt that, under these circumstances, he may recover against the defendant just as if the transaction with Denison & Co. had never been. Even where collateral securities are placed in the custody of the creditor, if he has been guilty of no negligence, has realized nothing from them, and has never withheld information concerning them when requested to furnish it, he is entitled to judgment against the principal debtor. This was decided very lately in *Lord v. Ocean Bank,* 20 Pa. 384 [59 Am. Dec. 728]. *A fortiori* there may be such a recovery when they are placed by the debtor in the hands of a third person who is a trustee appointed by himself."

We are therefore of opinion that the trial court did nor err in an unmixed question of law: By granting a new trial, he held, in effect, that it is no bar to recovery on the main security where, as here, the collaterals were taken from the hands of the pledgee and placed for sale in the hands of a third person appointed by the pledgors, who sold them for a price fixed by the pledgors, no part of which was realized by the pledgee.

Affirmed.

All the Justices concur.