## Lenheim *versus* Wilmarding *et al.*

1. An accommodation note, in the strict sense, is a loan of the maker's credit without instructions as to the manner of its use.

2. The defendant endorsed a note in blank and left it with a third person to be signed by the maker and used for a particular purpose: the maker took it from the depositary, without his knowledge, filled it up and gave it to the plaintiffs. *Held*, a fraud on the endorser.

3. The plaintiffs held two notes against the maker, and he delivered to them the note in suit and another note, there was no evidence that time was given or the two notes surrendered. *Held*, that the plaintiffs were not holders in the usual course of business for a new or valuable consideration, and were not protected from the fraud of the maker.

March 13th 1867. Before WOODWARD, C. J., THOMPSON, STRONG and AGNEW, JJ. READ, J., absent.

Error to the Court of Common Pleas of *Susquehanna county*.

In the court below, Henry A. Wilmarding and others, partners, commenced an action of debt on the 10th of December 1861 against Lewis S. Lenheim. The cause of action was the following note:—

"$681.41.　　　　　　　　New York, March 15th 1861.

"Six months after date, I promise to pay to the order of myself six hundred and eighty-one 41-100 dollars, payable at No. 44 Dey St., New York, value received.

　　　　　　　　　　　　　　　　　"H. S. LENHEIM.

"Endorsed,　　　H. S. LENHEIM.
　　　　　　　　　L. S. LENHEIM."

On the trial, before Mercur, P. J., the plaintiff gave the note in evidence, and proved notice of protest to the defendant. The defendant then read the deposition of Nathaniel Lenheim, who testified, amongst other things:—

"L. S. Lenheim did leave with me four blank notes, endorsed by the said L. S. Lenheim, in the fore part of March, 1861. They were left for the sole purpose to be filled up by me, and to be given to Hunt, Tillinghast & Co., of New York city. I kept them in the safe. Two of them were afterwards taken away by H. S. Lenheim, one of which was given to the plaintiffs in this case, and the other was destroyed by the said H. S. Lenheim.

"During the month of September 1861 a gentleman, presented a note for payment at 44 Dey street, for the amount of $681.41. I recognised it to be one of the two notes taken from the safe. Told the gentleman I could not pay it.

"They were delivered to me by L. S. Lenheim, the defendant in this case, in the presence of H. S. Lenheim, in fore part of March 1861, at 44 Dey street, New York, at the office of H. S.

[Lenheim *v.* Wilmarding.]

Lenheim. None of the plaintiffs were present. They were common negotiable business notes, without seal or seals. They were all of one kind; four in number. All were endorsed alike. The following is a fac simile of the notes:—

"$ . . . . . .                    . . . . . . 18 . . . .
. . . . . . . . . . after date,      promise to pay to
the order of myself . . . . . . . . . . . . . Dollars.
Value received.

H. S. LENHEIM.

"The back was endorsed in blank by L. S. Lenheim. They were left for no other purpose than to be filled out by me, and to be given to Hunt, Tillinghast & Co. Said notes remained in my possession a few days in March. I missed them from the safe, and, upon inquiry, H. S. Lenheim told me that he disfigured one and destroyed it, and the other he gave to the plaintiffs. There was no one present when he communicated the matter to me. I know that no person except myself and H. S. Lenheim had access to the safe, that I missed the notes, and that H. S. Lenheim repeatedly told me that he had taken said notes, destroyed one, and filled the other in favor of the plaintiffs."

Also the deposition of Charles Vannier, who testified, amongst other things:—

"I know of a note for $681.41, made and delivered by H. S. Lenheim to the plaintiffs on or before the 16th of March 1861. It was delivered at the office of the plaintiffs at 26 and 28 Barclay street, in the city of New York. This H. S. Lenheim was indebted to the plaintiffs prior to the delivery of this note in the sum of about $2800, for which they held his notes. It was for goods purchased by him of plaintiffs in the fall of 1860. Along the first part of March 1861, I should think about the 8th, H. S. Lenheim came to the office of the plaintiffs and said he could not pay his notes at maturity, and proposed to pay one-half of one note in cash, and to extend the other half, and the second note four and six months, giving therefor his note endorsed by his brother, L. S. Lenheim, and the paper of George Asher, to whom he had sold his stock, at Vellock, N. Y., also endorsed by his brother. Two or three days after that he called again, saying that he could not then pay any money, but would give plaintiffs the note of George Asher for $2250, endorsed by L. S. Lenheim, and his own note, also endorsed by his brother, for the balance. This he did. His own note was drawn as follows:" (note in suit).

The court charged the jury that if they believed the evidence in the case the plaintiffs were entitled to recover.

In the course of the trial there were exceptions to evidence deemed unimportant by the Supreme Court.

There was a verdict for the plaintiffs for $803.58.

[Lenheim v. Wilmarding.]

The defendants removed the case to the Supreme Court, and assigned for error the admission of evidence objected to and the charge of the court.

*B. S. Bently*, for plaintiffs in error, cited Chitty on Bills 257-8-9, 356; Knight v. Pugh, 4 W. & S. 445; Fulton Bank v. Phœnix Bank, 1 Hall 562; Story Prom. Notes, § 109; Albrecht v. Strimpler, 7 Barr 476; Hutchinson v. Boggs, 4 Casey 296; Appleton v. Donaldson, 3 Barr 386; Work v. Kase, 10 Casey 138; Struthers v. Kendall, 5 Wright 214; Lord v. The Ocean Bank, 8 Harris 386; Petrie v. Clark, 11 S. & R. 377; Depeau v. Waddington, 6 Whart. 220; Barto v. Schmeck, 4 Casey 447; Fegenbush v. Lang, Id. 193.

*W. H. Jessup*, for defendant in error, cited Appleton v. Donaldson, 8 Barr 386; Pasley v. Freeman, 3 T. R. 56, 3 Bulst. 95; Powell v. Waters, 17 Johns. 176; 4 Cowen 567; 1 Hill 513; 2 Sandf. 115; 5 Duer 462; 6 Id. 587; 2 Bosw. 248; Lord v. Ocean Bank, 8 Harris 386; Walker v. Bank of Montgomery County, 12 S. & R. 382; Work v. Kase, 10 Casey 141; Dezeng v. Fyfe, 1 Bosw. (N. Y.) 335; Struthers v. Kendall, 5 Wright 227; Albietz v. Mellen, 1 Id. 370; Holme v. Karsper, 5 Binn. 469; Beltzhoover v. Blackstock, 3 Watts 20; Knight v. Pugh, 4 W. & S. 445; Albrecht v. Strimpler, 7 Barr 476.

The opinion of the court was delivered, March 30th 1867, by

AGNEW, J.—The court below directed a verdict for the plaintiff upon the evidence in the case if believed. We have, therefore, to look at the evidence to see whether the instruction was correct. It is argued that this direction was proper because the note was accommodation paper. But this was not accommodation paper in the strict sense of that term, to wit, a loan of the maker's credit without instruction as to the manner of its use: Lord v. Ocean Bank, 8 Harris 384; Moore v. Baird, 6 Casey 138. The evidence is distinct and clear that the note never was delivered to the maker for any purpose, but that it was one of four blank notes left by L. S. Lenheim, the endorser and defendant in this suit, with a brother of the maker and himself, for the sole purpose of being filled up by him and given to Hunt, Tillinghast & Co., of New York. It was put by the brother into the safe, and was missed by him, and he afterwards ascertained the maker had taken it from the safe, filled it up and given it to the plaintiff. This was clearly not a general loan of the endorser's credit, but an unfinished and imperfect note, deposited with a third party for a special purpose, and purloined and used by one to whom it was not delivered, for a different and unauthorized purpose. Clearly this was a fraud upon the rights of L. S. Lenheim. He

[Lenheim *v.* Wilmarding.]

had not agreed to put his name on the back of this note for the benefit of the maker at all events.   He had restricted his liability, and placed the paper in the hands of a disinterested person to carry the special purpose into effect, and the paper was surreptitiously taken out of his friendly custody.   The endorser may have had good reason for this.   He might be willing to guarantee the payment to Hunt, Tillinghast & Co., and yet unwilling to send his name abroad into the market.

This brings us to the next question, whether the evidence disclosed such a possession on the part of Wilmarding & Co., the plaintiffs, as would protect them.   Here again the plaintiffs utterly failed to sustain their case.   Charles Vannier, the only witness who spoke on this point, says, H. S. Lenheim, the maker of the note, was indebted to the plaintiffs in the sum of $2800, for which they held his notes, and that, being unable to pay them at maturity, he gave the plaintiffs a note of George Asher for $2250, and this note for the balance.   The witness does not say that the latter notes were given in payment or as collateral, or whether the two notes were surrendered.   In the first proposition made by H. S. Lenheim to the plaintiff, he asked for an extension of time on payment of one-half of the first note in cash.   This failed, and when the note in suit was delivered to the plaintiffs, whether they gave time, or surrendered the paper they held, or accepted the new paper in payment, the witness does not testify, and a jury could scarcely infer.   As the evidence presents the case, the plaintiffs were not the holders in the usual course of business for a new and valuable consideration, but took the note from the maker himself, without sacrificing any right or parting with anything of value.   Their position did not protect them from the fraud of the maker in his surreptitious possession and use of the note : Lord *v.* Ocean Bank, 8 Wright. 386 ; Petrie *v.* Clark, 11 S. & R. 388 ; Depeau *v.* Waddington, 6 Whart. 232 ; Garrard *v.* P. & C. Railroad Co., 5 Casey 154 ; Struthers *v.* Kendall, 5 Wright 227.   The court was therefore in error in their binding instruction to the jury on such evidence.

There is nothing in the bill of exceptions to the evidence which needs notice.

Judgment reversed, and a *venire facias de novo* awarded.