# Carpenter *versus* National Bank of the Republic.

1. It is a good defence, in a suit on a promissory note by the holder against the maker, that the note was given by the defendant to the payee without consideration for a specific purpose, (other than for accommodation) and that the payee indorsed the note to the plaintiff to secure a pre-existing indebtedness, and without value.

2. The distinction between the rights of the holder of an accommodation note, and a note given without consideration for a specific purpose, like the note in suit, commented on.

March 31, 1884. Before MERCUR, C. J., GORDON, TRUNKEY, GREEN and CLARK, JJ. PAXSON and STERRETT, JJ., absent.

ERROR to the Court of Common Pleas, No. 4, of *Philadelphia County :* Of January Term, 1884, No. 90.

Assumpsit, by the National Bank of the Republic against John Carpenter, on a promissory note for $1,500, made by the defendant to the order of one F. C. Hooton, and by him indorsed.

The defendant filed the following affidavit of defence :—

" The note in question was given to F. C. Hooton without any consideration. He had endorsed a note by myself to the order of my father, Francis Carpenter, which was discounted. This note was for $1,500. Of this sum my father, or I, had received $1,200, and said Hooton had received $300. He asked me to give him a note to show the transaction. I there-

fore gave him the note sued upon. My note to my father was duly paid by the latter. Thereafter nothing remained due to said Hooton. On the contrary he was indebted to my father.

" I am informed, believe, and therefore expect to prove, that my note in suit was never discounted by the plaintiffs, but that the same was deposited with them by said Hooton, as collateral security for an indebtedness to them then existing, and they gave no value therefor."

The plaintiff took a rule to show cause why judgment should not be entered for want of a sufficient affidavit of defence, which rule the court, after argument, made absolute (no opinion filed). The defendant took this writ of error, assigning for error the said judgment.

*John G. Johnson,* (*Frank P. Prichard* with him), for the plaintiff in error.—While the indorsee of accommodation paper, (whether as purchaser for value, or pledgee for an antecedent debt, and with or without notice of the true character of the paper) may recover against the maker, a very different rule applies to the indorsee of a note given, as between the parties, not for accommodation, as a loan of credit, but for some other specific purpose, and wrongfully indorsed by the payee to the holder, not for value but to secure antecedent indebtedness due by the payee to the indorsee. The note in suit was of the latter class, hence the rules respecting accommodation paper do not apply. The affidavit sufficiently avers (1) the specific purpose for which the note was given, and that it was wrongfully used by the payee for another purpose. (2) That the purpose for which the note was given had been fully satisfied, and the payee himself would therefore have no right of action against the maker. (3) That the indorsee took the note for an antecedent debt due by the payee, and therefore is not a bona fide holder for value. This defence brings the case directly within the facts and decision in Royer v. Keystone Nat. Bank, 2 Norris, 248.

*C. S. Pancoast,* (*C. E. Pancoast* with him), for the defendant in error.—The sole defence relied on amounts to fraud; but the affidavit neither avers fraud in express terms, nor by necessary inference. Equivocal language in an affidavit of defence will not be strained' to help the defendant, but the contrary—see Bardsley v. Delp, 7 Norris, 420.

Mr. Justice CLARK delivered the opinion of the court, May 26, 1884.

Accommodation paper is such as is made, accepted or endorsed by one party for the benefit of another, without con-

sideration; it represents a loan of credit. Between the original parties it is open to the defence of want of consideration, but if transferred in the usual course of business, even to those who know the character of the paper, that defence cannot be made. Such a loan of credit is held to be without restriction as to the uses to which it may be applied. In Lord *v.* Ocean Bank, 8 Harris, 384, this court asserted the principle in the following language: " He who chooses to put himself in the front of a negotiable instrument, for the benefit of his friend must abide the consequences, and has no more right to complain if his friend accommodates himself, by pledging it for an old debt, than if he had used it in any other way." This doctrine is asserted in a long line of cases : in Twining *v.* Hunt, 7 W. N. C., 223, the law on this subject is declared to be settled in this state, " that the maker of an accommodation note cannot set up want of consideration as a defence against it, in the hands of a third person to whom it has been pledged as collateral security for an antecedent debt."

Royer *v.* Keystone National Bank, 2 Norris, 248, is not in conflict with the cases cited. Royer's note, endorsed by Yost, was delivered to Young to have it discounted for their joint benefit. Young pledged it to the bank for an antecedent debt of his own ; there was no loan of credit to Young ; he was but the agent of Royer and Yost, and perpetrated a fraud upon his principals in thus applying it to his own use.

The maker of accommodation paper, pledged for an antecedent debt, cannot therefore set up as a defence that it was given without consideration ; this would defeat the very purpose for which it was made : Gatzmer *v.* Pierce, 6 W. N. C., 433 ; but he may impeach the paper for fraud in its making and procurement, or in its misappropriation by the payee : Cummings *v.* Boyd, 83 Pa. St., 372; Stewart *v.* Moore, 12 Phila., 225. In this respect it is governed by precisely the same rules which prevail with reference to commercial paper in general. As against a bonâ fide holder for value, however, such a defence would be of no avail in either case : National Bank *v.* McCann, 11 W. N. C., 480 ; Neely *v.* McSparran, 91 Pa. St., 17.

Assuming the truth of the matters asserted in the affidavit of defence, however, the note in suit was in no sense an accommodation note. Hooton had previously indorsed another note of $1,500 for Carpenter, payable to the order of his father, which had been discounted principally for the benefit of father and son ; the note in suit was given at Hooton's request, not as a loan of Carpenter's credit, but as the defendant says, " to show the transaction." The transaction and the rights and responsibilities of the parties to it were perhaps sufficiently

[White v. Thielens.]

shown upon the first note, but if Hooten asked for the note in suit as evidence of Carpenter's responsibility to him, and it was given for that purpose, it lacks the essential qualities of accommodation paper; it was not a loan of Carpenter's credit, it was supported by a valid consideration, it was obligatory between the original parties. If Hooton had been held for the first he had the right to resort to the second for indemnification; this was the express purpose which it was given to subserve. But it was not so used; it was deposited with "the National Bank of the Republic" by Hooton, "as collateral security" for his "indebtedness to them then existing," and the bank "gave no value therefor." Carpenter's father paid the first note upon which Hooton was indorser, and that operated as a discharge of the note in suit. If the bank had been a bonâ fide purchaser, for value, there could, of course, be no doubt of its right to recover, but, under the law of this state the bank cannot be so regarded. The holder of even an accommodation note, pledged as collateral security for an antecedent debt, is not a bonâ fide holder for value; although want of consideration is not available against him, his claim is subject to any other legal or valid defence: Cummings v. Boyd, supra; Royer v. Keystone Bank, supra; but if the note be received bonâ fide in payment of the antecedent debt, he will be so regarded: Bardsley v. Delp, 88 Pa. St., 420.

> The judgment is reversed, and a procedendo awarded.