Gimbel Bros., Inc. v. Hand, Appellant.

Argued October 31, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Whitmore, JJ.

*Francis J. Walsh,* for appellant, cited: Altoona Second National Bank v. Dunn, 151 Pa. 228, and Carpenter v. National Bank of the Republic, 106 Pa. 170.

*Julius Levi* of *Levi & Mandel,* for appellee, cited: Schultz v. Rudman, 81 Pa. Superior Ct. 239, and Kline v. Fitzgerald Bros., 267 Pa. 468.

OPINION BY GAWTHROP, J., January 30, 1931:

This is an appeal by defendant from an order discharging a rule to open a judgment entered against him on a judgment note which was non-negotiable because it authorized a confession of judgment before maturity. See Act of May 16, 1901, Sec. 5, P. L. 194, and Volk v. Shoemaker, 229 Pa. 407.

The note was for $500, which was made payable to the order of plaintiff one day after its date, December 2, 1929. From the evidence taken on the rule, it appears that on December 2, 1929, Mrs. Joseph Hayes was indebted to plaintiff in the sum of $501.15 for merchandise sold and delivered. Joseph Hayes, called by defendant, testified that on December 2, 1929, he went to defendant, Dr. Hand, and asked him "to sign me a note. I told Dr. Hand I wanted to purchase new furniture and I wanted him to go security for the new furniture with the note;" and that defendant gave him the note which he gave to Mr. Kimmelblatt, a representative of plaintiff in its credit department. On cross-examination he testified that when he went to Dr. Hand he told him that his wife's people had signed security for the account with Gimbel Brothers in the amount of $200; and that he needed additional security.

Dr. Hand testified that he gave Hayes the note "because he told me he and his wife were going to live

together again and they wanted to buy new furniture to start out,'' and that ''he gave Hayes the note with the express understanding that it was to be used for the payment of new furniture ...... with the understanding that the note was to be given to Gimbel Brothers,'' and that he ''did not know he owed them any money at that time.'' It appears that on December 4, 1929, Hayes wrote a letter to Gimbel Brothers, stating: ''My wife......purchased merchandise in your establishment amounting to $501.15. As security for the payment of this bill I offer a judgment note signed by Dr. Ralph C. Hand, whose signature was witnessed by myself, also a surety signed by Mr. Hand who owns property located at 2609 71st Street. I would like to pay the amount owing you within ninety days from this date, that is, I have the privilege of paying certain monies on account from time to time beginning with December 5th, 1929, but it is understood that the entire amount will be paid ninety days from this date. If this amount is not paid during the above mentioned time, you are at liberty to exercise the note and surety given you for your protection.'' The ''surety'' referred to in this letter was a paper signed and sealed by Dr. Hand and Hayes, dated December 4, 1929, in which, ''in consideration that Gimbel Bros., Inc., give to Mrs. Harriet A. Hayes ...... credit for merchandise purchased or to be purchased,'' they agreed to ''become surety for the prompt payment of any and all amounts or balances of unpaid accounts which may be purchased on said account from Gimbel Bros., Inc. ...... until notified by me, in writing, to discontinue giving such credit; provided, my liability shall not exceed five hundred dollars ($500) at any one time.'' Dr. Hand testified that he delivered this paper to Hayes. Mr. Kimmelblatt testified that Dr. Hand called to see him shortly after December 10, 1929, in response to a letter requesting that he settle the ac-

count which he secured, and promised that the bill would be paid not later than January 18, 1930, but that plaintiff did not receive the money. The witness did not refer to the note.

It will have been observed, from the statement of facts, that the note in suit was a non-negotiable accommodation note. A promissory note signed for the accommodation of another is an accommodation note although the party for whose accommodation it was signed is not himself a party to the instrument: Trust & Saving Fund Co. v. Hart, 217 Pa. 506; Delaware Co. Trust, etc. Co. v. Haser, 199 Pa. 17; 8 C. J. 254. Although the note was an accommodation note, against which want of consideration is not available to the maker as a defense against a party other than the accommodated party (Lord v. The Ocean Bank, 20 Pa. 384), plaintiff took it subject to all other defenses available between the maker and the accommodated party, because it was non-negotiable paper. When an accommodation note is given to a party to be used by him for his own benefit without restriction as to the manner in which, or the purpose for which, it shall be used, he can pledge it as collateral security for an antecedent debt: Altoona Bank v. Dunn, 151 Pa. 228; Stephens v. Monongahela National Bank, 88 Pa. 157. But when such a note has been signed by the maker for the purpose of lending credit for only a certain purpose, and the note on which such a condition has been placed is used or transferred in violation of the limitations placed on it, a different rule applies to it. See Altoona Bank v. Dunn, supra. In such a case there is not any general loan of credit but a restricted liability, and the paper is not accommodation paper in the strict sense of that term, to wit, a loan of the maker's credit without restriction as to the manner of its use: Lenheim v. Wilmarding, 55 Pa. 73. The maker of a non-negotiable accommodation

note may impeach it in the hands of a third party for fraud in its misappropriation by the accommodated party: Carpenter v. National Bank of Republic, 106 Pa. 170. It follows that the defense that the note in suit was used by Hayes in violation of the terms and conditions under which he received it is available to defendant. He testified positively that he gave the note to Hayes, with the express understanding that it was to be used for the payment of new furniture. His testimony is corroborated by that of Hayes. As defendant was under no obligation to plaintiff or to Hayes, he could give his note upon his own terms. The expression of one purpose was the exclusion of every other, and a restriction upon the manner in which the note should be used: Altoona Bank v. Dunn, supra. After the fullest consideration we are persuaded that the question, whether Hayes used the note in violation of a restriction by the maker as to the use which should be made of it, should be submitted to a jury, and that the refusal to open the judgment was an abuse of discretion by the court below.

For these reasons the decree of the court below is reversed.