## Lord *versus* The Ocean Bank.

1. The maker of an accommodation note cannot set up the want of consideration as a defence against it in the hands of a third person though it be there merely as a collateral security for a debt of the payee.

2. The fact that the holder had other collateral securities for the same debt more than sufficient to cover it, from which, however, the debt had not been realized, is not a ground of defence on the part of the maker.

3. It is not a ground for reversing a judgment rendered in the District Court, Philadelphia, under the provision of the second section of the Act of 28th March, 1835, requiring *the nature and character of the defence* to be set out, that the circumstances of the case were such that the defendant could not know with certainty whether he had an available defence or not. The defendant should have satisfied the Court that he had made diligent efforts to inform himself and had failed through no fault on his part, and asked for further time; or if an inspection of books or papers in the possession or control of the plaintiff was necessary and had been refused by the plaintiff, he should have asked for an indefinite suspension of judgment till the inspection was allowed.

ERROR to the District Court, *Philadelphia.*

This was an action of *assumpsit* by the Ocean Bank of the City of New York *v.* William H. Lord and J. H. Gill, trading as the firm of William H. Lord & Co., upon a promissory note in the following words, viz. :

Philadelphia, June 2, 1851.

$716.56.   Six months after date we promise to pay to the order of Daniel Adee, seven hundred and sixteen dollars and fifty-six cents, without defalcation, for value received.

Signed,          WM. H. LORD & Co.

Endorsed, Daniel Adee.

The summons was issued on the 3d of January, 1852, returnable on the first Monday of January, 1852.

On the 23d of January, 1852, an affidavit of defence was filed.

On the 30th of January, 1852, a supplemental affidavit was filed; and, on the 31st of January, 1852, the Court below entered judgment for want of a sufficient affidavit of defence.

[Lord v. The Ocean Bank.]

Writ of error was therefore issued.

The supplemental affidavit of defence was to the following effect :—

William H. Lord, one of the defendants above named, being duly sworn, says that they have a just and legal defence to the whole of the plaintiff's claim, of the following nature and character, to wit:

That no consideration whatever has been received by defendants from the payee, Daniel Adee, or any other person, for the said note, nor were they indebted to him at the time, nor are they now, nor were they ever indebted to him in any manner or form whatever; but said note was made for the sole accommodation of the payee, without any consideration therefor.

Deponent believes, and expects to be able to prove on the trial, that plaintiff gave no value whatever for said note, but that the same was deposited, together with other security, for the payment of a certain promissory note, which had been discounted by plaintiffs for said Adee, the precise amount of which note deponent is not at present able to state; but deponent believes, and expects to be able to prove on the trial, that the securities deposited as aforesaid by said Adee, are, exclusive of the note sued on in this suit, more than sufficient in value to pay the note so sued on. And deponent is advised that plaintiffs are in equity bound to exhaust said other securities before they can resort to the note now sued on, as aforesaid, against defendants.

Deponent further believes, and expects to be able to prove, that plaintiffs have realized part of said securities, and received therefrom some moneys, but how much deponent knows not, which are properly applicable to the note discounted as aforesaid, and therefore should go to the relief or discharge of the note now sued on.

Error was assigned to the entering of judgment.

*Arundel*, with whom was *Falton*, for the plaintiffs in error.—It was, *inter alia*, contended that the drawers had the right to have any moneys received from the collaterals applied to their note, and that in the affidavit of defence it was alleged that they expected to be able to prove that part of the moneys receivable on the securities had been received. The part so received should go to the relief or discharge of the note.

The right of subrogation may exist in this case. The second section of the Act of 28th March, 1835, relative to affidavits of defence in suits in the District Court, is in derogation of the common law, and should be strictly construed: 1 *Miles* 122; 6 *W. & Ser.* 482.

*Hopper*, contrà.—The whole of the paper held by the bank as

security for the note discounted, may be *accommodation paper*, and if the maker of every such note can set up such a defence, the securities could not be made available to the bank. It is not alleged in the affidavit that the note discounted has been paid *in full*, nor is the amount received by the bank *on account* specified.

The discount of the note was a sufficient consideration on the part of the bank. As to the consideration as between Adee, the payee, and the defendants as drawers, it is not material as respects the bank. Accommodation paper is a loan of the credit of the maker to the extent of the value of the note, for the benefit of the payee, without restriction: 3 *Barr* 386, Appleton *v.* Donaldson; 12 *Ser. & R.* 382, Walker *v.* Bank of Montgomery County.

There can be no substitution to the right of a party whose debt is not wholly satisfied: 6 *Watts* 221, Kyner *v.* Kyner.

The opinion of the Court was delivered by

BLACK, C. J.—This suit was on a promissory note made by W. H. Lord & Co. payable to the order of Daniel Adee. The makers received no consideration from the payee. The note was made solely for his accommodation. He endorsed it to the Ocean Bank as collateral security for a note of his own which had been previously discounted there. These facts were stated in an affidavit of defence, but the District Court gave judgment for the plaintiff, being of opinion that if proved they would be insufficient.

It has been ruled in several cases, that one to whom a negotiable instrument has been endorsed as collateral security for a pre-existing debt, who has given no other consideration for it, is not a holder for value (11 *Ser. & R.* 377; 4 *Wh.* 258; 6 *Wh.* 220). The maker, it is said, may aver any ground of defence against the endorsee of such a note which would have been competent against the original payee (4 *Harris* 120). This rule, taken without modification, would make the facts of the present case a complete defence; for if the payee had kept the note until maturity, and brought suit on it himself, he could not recover. But the maker of an accommodation note cannot set up the want of consideration as a defence against it in the hands of a third person, though it be there as collateral security merely. He who chooses to put himself in the front of a negotiable instrument for the benefit of his friend, must abide the consequence (12 *Ser. & R.* 382), and has no more right to complain, if his friend accommodates himself by pledging it for an old debt, than if he had used it in any other way. This was decided (3 *Barr* 381) in a case strongly resembling the present one. Accommodation paper is a loan of the maker's credit without restriction as to the manner of its use.

The affidavit further alleges, that there were other collateral securities for the same debt more than sufficient, without this note, to cover it. If these other securities had been realized, and the

[Lord *v.* The Ocean Bank.]

debt extinguished by them, the plaintiff could not recover. But the affidavit does not say that; and whatever is not said in an affidavit of defence is taken not to exist.

But we have been much pressed to reverse this judgment because the circumstances of the case were such, that the defendant could not know, with any certainty, whether he had a good defence or not. We repeat what we have often said already, that the law requiring the nature and character of the defence to be sworn to is a just and necessary one, and its influence on the administration of justice has been most salutary. The only regret of those who are well informed on the subject is, that it is not universally adopted in all the Courts of the State.. Undoubtedly a case may arise, once in a while, where the defendant is not, and cannot be so informed of the facts as to enable him to swear, conscientiously, what they are, or even to make up an opinion about them. In such a case let the defendant satisfy the Court that he has made diligent effort to inform himself, and that he has failed by no fault or laches of his own, and we can venture to assure him that he will have as much time as is reasonably necessary. If the defence depends upon books or papers which are in the hands of his adversary, and if he shows that he has demanded an inspection of them and been refused, the rule for judgment ought to be indefinitely suspended, since all presumptions are against the party who has evidence in his exclusive possession and conceals it. But here the defendant, without asking for an enlargement of the time, and without claiming his right (for his right it certainly was) to examine the papers in the plaintiff's hands, put in an affidavit which discloses no defence. He rested his cause upon it, and what could the Court do but give judgment against him?

　　　　　　　　　　　　　　　　　　Judgment affirmed.