# Long *versus* Rhawn, Executor, &c., of Wood.

1. When a note passes after maturity it is dishonored paper and the endorsee takes it subject to equities connected with the note ; but not to set-off generally.

2  In a suit by an endorsee against the maker of a note passed after maturity, *Held*, that the fact that the note was made with the understanding that it was to be discounted for the payee and taken up by him and the proceeds paid in discharge of a debt due to the maker ;—that the proceeds were so paid, that the payee took it up and retained it and passed it to plaintiff in consideration of a loan made by her to him, would be a defence to the suit.

January 14th 1874. Before AGNEW, C. J., MERCUR and GORDON, JJ. SHARSWOOD, J., at Nisi Prius.

[Long *v.* Rhawn.]

Error to the District Court of *Philadelphia :* No. 244, to January Term 1874.

This was an action of assumpsit, brought April 11th 1870, by Hannah Wood against George S. Long and others, trading as Pennock, Bagaley & Co. Long only was served. Pending the suit, the plaintiff died, and William H. Rhawn, her executor, was substituted.

The action was by the plaintiff, as holder of the following note :—

"$1000.               Philadelphia, May 15th, 1865.

"Four months after date, I promise to pay to the order of Henry T. Grout, One Thousand Dollars, value received, without defalcation, at the Fourth National Bank, Philadelphia.

"PENNOCK, BAGALEY & Co."

(Endorsed) "HENRY T. GROUT."

On the trial, November 24th 1871, before Thayer, J., the plaintiff gave the note in evidence and rested. Plaintiff also admitted that the note in suit was, at the time of its maturity, in the possession of Henry T. Grout, and that it was passed to Hannah Wood, after its maturity, by Henry T. Grout, in consideration of the sum of $1000, lent by Mrs. Wood to Grout at the time he gave her the note, and paid by her to him at that time.

E. J. Thomas, for defendants, testified that Grout and Pennock, Bagaley & Co., had transactions in relation to oil lands, some belonging to defendant and some to the firm. Grout was to receive the money for the land and pay it to Long. The lands were sold to an oil company; witness paid his money to Grout, as did other subscribers to the company in the summer of 1865. Grout acknowledged that he owed more than $1000 to Long.

H. T. Childs testified that he was in Grout's office; Long gave him a note of the same form and signature as that in evidence ; Long spoke of an unsettled balance and asked Grout if he could let him have $1000 of it; the balance was more than that; Grout gave Long a check, and Long gave him "this note."

The plaintiff gave other evidence of a similar character.

The court instructed the jury that the defendant had made out no defence and the verdict should be for plaintiff.

The jury rendered a verdict for the plaintiff for $1382.25.

The defendant took a writ of error, and assigned the instruction of the court for error.

*T. F. Jenkins* and *T. R. Elcock,* for plaintiff in error.—The endorser of the note, at the time of the endorsement, was indebted to the makers in an amount exceeding the note, and as the endorsement was after maturity, the indebtedness could be set off: Byles on Bills 128; Crosley *v.* Ham, 13 East 497; Sargent *v.* South-

[Long *v.* Rhawn.]

gate, 5 Pick. 312; Sylvester *v.* Carpo, 15 Id. 92; Bridge *v.* Johnson, 5 Wend. 352; Driggs *v.* Rockwell, 11 Id. 504; Collins *v.* Allen, 12 Id. 356; Hotch *v.* Denis, 1 Fairf. 244.   If a note is overdue when endorsed, the endorsee takes it subject to the same defence as if it remained in the hands of the payee: McKinney *v.* Crawford, 8 S. & R. 356; Barnet *v.* Offerman, 7 Watts 130; Snyder *v.* Riley, 6 Barr 164; Bower *v.* Hastings, 12 Casey 285; Lancaster Bank *v.* Woodward, 6 Harris 357; Hill *v.* Kroft, 5 Casey 186.   A note placed like the present in the hands of a creditor as a security is as a mere pledge, subject in the hands of the holder to any equity that could be set up against it, in the hands of the person from whom he obtained it: Roberts *v.* Eden, 1 Bos. & Pul. 398; Collins *v.* Martin, 1 Id. 651; Kirkpatrick *v.* Muirhead, 4 Harris 117; Petrie *v.* Clark, 11 S. & R. 377; Depeau *v.* Waddington, 6 Whart. 220; Walker *v.* Geisse, 4 Id. 252.   The note having been given by the plaintiff to the payee for the purpose of having it discounted at bank, so that the payee could obtain funds with which to satisfy a portion of his indebtedness to the plaintiff, was an accommodation note; the endorsement of it after maturity was a fraud upon the plaintiff, and the holder cannot recover on it: Hoffman *v.* Foster *et al.*, 7 Wright 137; Barnet *v.* Offerman, 7 Watts 130; Bower *v.* Hastings, 12 Casey 285.   All the testimony in the case was evidence from which a jury might infer that the relation between the parties was not that the makers of the note were the debtors of the payee: Connelly *v.* McKean, 14 P. F. Smith 113; Baisch *v.* Oakeley, 18 Id. 92–99; Elliott *v.* Ins. Co., 16 Id. 22; Stewart *v.* Wilson, 6 Wright 450; Roth *v.* Crissy, 6 Casey 149; Wilt *v.* Snyder, 5 Harris 77.   The endorsee took the note long after its maturity, and "staleness of claim is always suspicious in cases of commercial credit, which is based on punctuality": Tams *v.* Way, 1 Harris 222; Cromwell *v.* Arrott, 1 S. & R. 180.

*B. Daniels* and *C. S. Pancoast*, for defendant in error.—An endorsee of an overdue bill or note is liable to such equities *only as attach to the bill or note itself*, and not to claims arising out of collateral matters; and is not liable to a set-off due from the payee to the maker: Byles on Bills 130; Burrough *v.* Moss, 10 B. & C. 558; Stein *v.* Iglesias, 1 C., M. & R. 565; Whitehead *v.* Walker, 10 M. & W. 698 and note; Hughes *v.* Large, 2 Barr 103; Downey *v.* Tharp, 13 P. F. Smith 322.   The defendant did not take the note as a collateral security for a debt due, but it was passed to Hannah Wood after its maturity by H. T. Grout *in consideration of* $1000 then lent by her to Grout: Munn *v.* McDonald, 10 Watts 273.

The opinion of the court was delivered, February 9th 1874, by

[Long v. Rhawn.]

MERCUR, J.—It is admitted that the note passed into the hands of the plaintiff below after its maturity. It was then in the eye of the law dishonored paper. It is true the endorsee did not take it subject to set-off, but he did take it subject to the equities arising out of, or connected with the note itself: Hughes v. Large, 2 Barr 103; Downey v. Tharp, 13 P. F. Smith 322.

The evidence showed that the payee was largely indebted to the makers of the note; that he had collected money for their use; that he was to pay the same over to Long, one of the makers; that when Long and Grout met at the office of the latter, Long spoke of the unsettled balance between them, and asked Grout if he could not let him have some of it: one thousand dollars. That then Grout gave Long a check for money, and Long gave Grout the note in question. It is claimed by the defendants below that for the purpose of paying them one thousand dollars, Grout suggested that their note for that amount should be drawn payable to him; and that he would endorse it and have it discounted at bank, and thus obtain for them the money; and he would take it up at maturity. That thereupon Long gave the note in question, and Grout gave him the check for the same amount; that when the note matured it was taken up by Grout according to his agreement.

The learned judge deemed the evidence insufficient to submit to the jury, and directed their verdict to be rendered in favor of the plaintiff below. In this we think he erred. The facts proved, wholly unexplained by the plaintiff below, were sufficient to have been submitted to the jury to find whether the note was not given for the accommodation of Grout. It was given at an interview in which he admitted his indebtedness to the makers, and at a time when he was asked for a payment of the sum for which the note was given. Thereupon the note was executed and delivered to him, and he gave his check to Long for money. After the maturity of the note it was found in his hands and he then disposed of it to the plaintiff below. If the jury should find that the note was given under the circumstances claimed by the defendants below, and taken up by Grout when it matured, then the plaintiff below took it subject to all the equities which had attached to it while in the hands of Grout, and there was a good defence: Bower v. Hastings et al., 12 Casey 285; Wilson v. Mechanics' Savings Bank, 9 Wright 488.

Judgment reversed, and a *venire facias de novo* awarded.