## NATIONAL UNION BANK v. I. H. TODD.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS
OF MONTGOMERY COUNTY.

Argued February 3, 1890—Decided February 17, 1890.

Want of consideration cannot be set up by the maker of an accommodation note as a defence against it in the hands of an indorsee, though taken by the latter as collateral security for a pre-existing indebtedness: Lord v. Ocean Bank, 20 Pa. 384; Hart v. Trust Co., 118 Pa. 565.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 421 January Term 1889, Sup. Ct.; court below, No. 28 March Term 1886, C. P.

On December 21, 1885, the National Union Bank of Reading brought assumpsit against I. Heston Todd. Issue.

At the trial on December 10, 1888, before SWARTZ, P. J., the plaintiff offered in evidence a note for $2,000, dated May 1, 1885, made by I. H. Todd and indorsed by J. H. Boone. The plaintiff then rested.

The defendant, in his case in chief, testified as follows:

Opinion of the Court.

" I know Edwin Boone, the cashier of the National · Union Bank of Reading, and Jeremiah H. Boone, formerly of Norristown; I have heard read the note in evidence in this suit; I gave that note to George C. Mitchell, who was the confidential clerk of Jeremiah H. Boone, upon the understanding and agreement that it was merely a matter of form, to cover up an overdraft of Jeremiah Boone in the National Union Bank of Reading; I never received consideration for it to the extent of one cent.

At the close of the testimony the court, SWARTZ, P. J., instructed the jury that there was no questions of fact arising, and therefore there was nothing for them to do but to render a verdict in favor of the plaintiff for the amount of the note, with interest from the date of its maturity.

A verdict was thereupon rendered in favor of the plaintiff for $2,394.10. A rule for a new trial having been discharged, judgment was entered, when the defendant took this appeal assigning, inter alia, the instruction to the jury as error.

*Mr. George N. Corson,* for the appellant.
Counsel cited: Hutchinson v. Boggs, 28 Pa. 296; Porter v. Gunnison, 2 Gr. 297; Swain v. Ettling, 32 Pa. 486.

*Mr. Chas. Hunsicker,* for the appellee, was not heard.
The brief filed cited: Lord v. Ocean Bank, 20 Pa. 384; Hart v. Trust Co., 118 Pa. 565.

PER CURIAM:
It was held in Lord v. Ocean Bank, 20 Pa. 384, that " the maker of an accommodation note cannot set up the want of consideration as a defence against it in the hands of a third person, though it be there as a collateral security merely. He who chooses to put himself in the front of a negotiable instrument for the benefit of his friend, must abide the consequence, . . . . and has no more right to complain, if his friend accommodates himself by pledging it for an old debt, than if he had used it in any other way. . . . . Accommodation paper is a loan of the maker's credit, without restriction as to the manner of its use." This language was repeated emphatically in Hart v. Trust Co., 118 Pa. 565. These are two only of a long line of cases holding the same doctrine, and the responsibility of the

makers of  accommodation  paper ought by this time to be gen-
erally understood.    The rule above  stated  is  decisive  of  this
case.

Judgment affirmed.