The Penn Safe Deposit and Trust Company, Josiah R. Adams, Receiver, v. Francis W. Kennedy, Robert C. Thomas (Appellant), Nelson F. Evans, Ephraim C. Turland, Nathan Middleton, John B. Stetson (Appellant) and Ephraim Young.

*Promissory notes—Accommodation notes—Defenses.*

An accommodation note is a loan of the credit of the maker to the payee which he may use as freely, and with the same effect as to the maker, as he could use a note given for a full consideration. It is no defense for the maker of such a note when sued by the indorsee to aver the character of the note or knowledge of its character by the indorsee.

A national bank desired to organize a safe deposit and trust company to be operated as an adjunct to the bank in the same building, and by the same clerks and bookkeepers. The capital stock was to be $125,000; $100,000 was to be paid for by the transfer to the trust company of some safe deposit vaults in the bank's building, and the remainder was to be paid for in money by the bank. As the bank was forbidden to subscribe for stock directly, the directors joined in the execution of a note for $25,000 on the understanding that the note was to be entered on the books of the bank as having been regularly discounted, and the amount thereof carried to the credit of the company. Twenty shares of stock in the company were subscribed for by each of the eight makers of the note, and were issued to them as full paid stock, and at once turned over to the bank as collateral security for the payment of the note. The directors of the bank were elected directors of the trust company. Subsequently the bank, desiring to use the money that stood on its books as the deposit of the trust company, indorsed the note to the company, and canceled the credit for the deposit. Both the bank and the trust company subsequently failed.

*Held*, (1) that as the directors had subscribed for the stock of the trust company, and given their personal note therefor, they were liable on the note in an action by the receivers of the trust company; (2) that even if the note had been an accommodation note for the accommodation of the bank, and this fact had been known to the trust company when it took the note in exchange for its deposit of money in the bank, this would not constitute a defense in an action against the makers.

Argued Jan. 24, 1896. Appeals, No. 170, July T., 1895, by John B. Stetson, and No. 188, July T., 1895, by Robert C. Thomas, from order of C. P. No. 4, Phila. Co., June T., 1891, No. 684, dismissing exceptions to report of referee. Before STERRETT, C. J., GREEN, WILLIAMS, MCCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit on a promissory note.

The case was referred to Charles Biddle, Esq., as referee, who after finding the facts as stated in the opinion of the Supreme Court recommended that judgment should be entered against the defendants for the amount of the note. The court dismissed exceptions to the referee's report, and entered judgment against the defendants.

*Error assigned* by each appellant was dismissing exceptions to referee's report.

*John G. Johnson, Paul M. Elsasser* with him, for appellant, John B. Stetson.—The $25,000 note was never transferred to the trust company, but at all times remained the property of the bank. It was received by the bank from parties who received no consideration therefor, and who made it at the request of the bank with the understanding that it was to be held by it and should not be transferred. If a valid transfer of it was made which vested title in the trust company, it was in violation of the agreement upon the faith of which it was given, and such transfer gave no rights to the transferee, if not a bona fide holder for value without notice.

The trust company was not a bona fide holder for value without notice: Millwar-Cliff Cracker Co., 161 Pa. 157; Highstown Nat. Bank v. Christopher, 40 N. J. Law J. 436; Atlantic Mills v. Indian Orchard Mills, 147 Mass. 273; Corcoran v. Snow Cattle Co., 151 Mass. 75; Nat. Security Bank v. Cushman, 121

162 PENN SAFE DEP. & T. CO. *v.* STETSON et al., Appellants.

Arguments—Opinion of the Court.                    [175 Pa.

Mass. 491; Innerarity v. Merchants' Nat. Bank, 139 Mass. 334; Barnes v. Trenton Gas Light Co., 27 N. J. Eq. 36.

The referee erred in holding that the transfer was but a technical violation, and effected no change in the rights of the parties.

Under the agreement it was impossible for the bank to recover upon the $25,000 note.

*David W. Sellers,* for appellant, Robert C. Thomas.

*M. Hampton Todd* and *Thomas R. Elcock, Samuel B. Huey* with them, for appellee.—The finding of facts by the referee is conclusive: McCormick v. Ins. Co., 163 Pa. 184; Pittsburg F. W. & C. Ry. v. Evans, 53 Pa. 250; Seiple v. Seiple, 133 Pa. 460; Gunn v. Bowers, 126 Pa. 552.

A person who by his active endeavors assists in procuring the formation of a company and the subscription of its shares is commonly called a promoter: 2 Morawetz Private Corp. 545; 3 Cook on Stockholders, 651; 2 Cooley on Torts, 1888, p. 145; Huddleston v. West Bellevue, 111 Pa. 110.

It is illegal for the directors or a majority of the stockholders to give away the assets of the corporation for the promotion of other enterprises: Cook on Stockholders, sec. 681; Market Street Bank v. Stumpe, 2 Mo. App. 545; Summer v. Marcy, 3 W. & M. 105; Combination Trust Co. v. Weed, 2 Fed. Rep. 24; Hardon v. Newton, 14 Blatch. 376; Smith v. Rathbun, 22 Hun, 150; Land Credit Co. v. Lord Fermoy, 17 W. R. 562; Manderson v. Commercial Bank, 28 Pa. 379; Cook on Stockholders, sec. 682; 2 Morawetz Priv. Corp. 555; Austin v. Daniels, 4 Denio, 299; Franklin etc. Co. v. Jenkins, 3 Wend. 130; Re Faure Electric Co., 59 Law Times, 919; 6 Railway & Corporation Law Journal, 1889.

APPEAL OF JOHN B. STETSON, NO. 170.

OPINION BY MR. JUSTICE WILLIAMS, April 27, 1896:

The facts brought out upon the trial of this case in the court below throw some light upon the manner in which values may be inflated and corporations organized without any intention on the part of the corporators to comply honestly with the requirements of the law. The plaintiff's claim is upon a promissory note in the common form for the sum of $25,000 payable to the

order of the Spring Garden National Bank and indorsed by that bank to the plaintiff. The defense set up is that the note was given for the accommodation of the bank, is wholly without consideration, and was taken by the plaintiff with full notice of the situation and without the payment of the value therefor. An examination of the evidence and the report of the learned referee shows the facts to be as follows : The Spring Garden National Bank desired to organize a safe deposit and trust company to be operated as an adjunct to the bank, in the same building, and by the same clerks and bookkeepers. Its capital was fixed at $125,000. One hundred thousand dollars of this capital stock was to be paid for by the transfer to the company of some safe deposit vaults in the bank's building and under its care ; and the remainder it was proposed should be paid for in money by the bank. But the bank had been organized as a national bank and was under the inspection and supervisory control of the comptroller of the currency at Washington. It was forbidden to subscribe for the stock directly ; and it was known that the bank examiner would interfere if this was attempted. The directors of the bank decided that it should be done indirectly, and this was the plan suggested by Mr. Kennedy, the president of the bank, and adopted and carried into execution by the board of directors. The directors on the 26th day of September, 1889, joined in the execution of the note sued on with the understanding that the note was to be entered on the books of the bank as having been regularly discounted, and the amount thereof carried to the credit of the Safe Deposit Company. Twenty shares of stock in the company were subscribed for by each of the eight makers of the note, issued to them as full paid stock, and at once turned over to the bank as collateral security for the payment of the note. The same men, with the exception of Mr. Middleton, were elected directors of the Safe Deposit and Trust Company, and it entered upon its business career, for all practical purposes as a department of the bank. After all this had been done, the bank on the 16th day of November, 1889, wanting to use the money that stood on its books as the deposit of the Penn·Safe Deposit and Trust Company indorsed the note to the company and canceled the credit for the deposit. In other words, the note was substituted for the money in the treasury of the com-

164 PENN SAFE DEP. & T. CO. *v.* STETSON et al., Appellants.

Opinion of the Court.                    [175 Pa.

pany and the money was substituted for the note in the till of the bank. This state of things continued until the failure of both institutions in May, 1891, when the note came into the hands of the receiver of the trust company as part of its assets. This suit was brought soon after. The plaintiff's right to recover depends on the character and legal value of the note given under the circumstances stated. It is contended that the note was in effect a contract of guaranty on the part of the makers, intended simply to guard the bank against the possibility of loss by reason of its subscribing and paying for the two hundred and fifty shares of the stock of the Penn Safe Deposit and Trust Company that were to be paid for in money. But the transaction did not take this form. The bank did not subscribe for these shares. The defendants did. The bank discounted this note, or agreed to do so, and gave credit to the trust company for the amount as a deposit made by it. It took the shares issued to the defendants as collateral to the note and so held them so long as it held the note in lieu of it by the agreement of all the parties, and if the bank sued upon it the makers had no defense on the merits. They owed the money which had been advanced for them by the bank. It had not been paid. The collateral security deposited with it had become worthless. The personal responsibility of the makers was all that remained.

Another position suggested is that the note was an accommodation note made for the accommodation of the Spring Garden Bank. But an accommodation note is a loan of the credit of the maker to the payee which he may use as freely and with the same effect as to the maker as he could use a note given for a full consideration. It is no defense for the maker of such a note when sued by the indorsee to aver the character of the note, or knowledge of its character by the indorsee: Lord v. The Ocean Bank, 20 Pa. 384; Moore v. Baird, 30 Pa. 138; Miller v. Pollock, 99 Pa. 206; Philler v. Patterson, 168 Pa. 468. If the note in suit had been given for the accommodation of the Spring Garden Bank and the fact had been known to the trust company when it took it in exchange for its deposit of money in the bank, it would not constitute a defense in this action. It is also said that the note was executed under an assurance that the bank would pay it and that the bank had there-

fore no right to part with it. It may be true that the defendants did not expect to be called on for the payment of this note. They no doubt hoped and expected that the trust company would make profits that could be applied from year to year on the note until it was fully paid. They were all disappointed however. The bank failed. The trust company failed. The profits that had been so confidently anticipated were never realized. The collaterals were worthless. There is nothing now left between the holder of the note and the personal liability of the makers upon it. The note has been used for the very purpose originally intended, viz : to provide the trust company with $25,000 of paid up capital stock and we can see nothing in the facts found by the referee, or disclosed by the evidence, to impeach the title of the plaintiff or to relieve against the plain undertaking of the defendants.

The assignments of error are overruled and the judgment is affirmed.

### APPEAL OF ROBERT C. THOMAS, NO. 188.

OPINION BY MR. JUSTICE WILLIAMS, April 27, 1896 :

Robert C. Thomas, the appellant, was one of the makers of the note for $25,000, payable to the Spring Garden Bank, which has been considered in the case of Adams, Receiver, v. John B. Stetson, Appellant, supra, in which an opinion has just been handed down. He is one of the defendants in the action brought upon that note by the receiver of the Penn Safe Deposit and Trust Company, and his appeal is from the same judgment which has just been affirmed upon the appeal of Stetson. The questions raised are the same. The facts are presented on the same report of the referee and the assignments of error require therefore no separate treatment. For the reasons stated in the opinion filed in Adams v. Stetson, above referred to, the assignments of error are overruled and the judgment is affirmed.