# Henry Van Brunt *v.* Jacob F. Potter and Samuel P. Lukens, trading as Jacob F. Potter & Co., Appellants.

*Promissory note—Accommodation—Indorsement paper.*

He who chooses to put himself in front of a negotiable instrument for the benefit of his friend must abide the consequences. Accommodation paper is a loan of the maker's name without restriction on the manner of its use.

*Accommodation paper—Purchase after maturity.*

The proposition that an indorser of accommodation paper who has paid it after maturity, upon the maker's default, cannot recover from the maker, for the reason that he does not receive it until after maturity, is utterly without foundation. Such indorser is not a purchaser after maturity. He does not take the note as a purchaser.

The contract of an indorser binds him to pay the instrument upon the failure of the maker to meet it at maturity, and it is under this contract that he receives it upon payment. His right to recover against any prior party has its inception in his indorsement, and becomes complete when he has paid the obligation. The rules in relation to a holder by a purchase have no application.

Argued Oct. 19, 1896. Appeal, No. 138, Nov. T., 1896, by defendant, from order of C. P. No. 4, Phila. Co., March. T., 1896, No. 208, making absolute rule for judgment for want of a sufficient affidavit of defense. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Assumpsit on a promissory note.

This action is brought to recover the sum of $250, the amount of a certain promissory note, together with interest from maturity, and $2.06 protest charges thereon.

The said note is drawn by Jacob F. Potter & Co. to the order of The Builders' National Machine Mortar Company, and by them indorsed, and also indorsed by the said Henry Van Brunt, the plaintiff, and was discounted by the Central National Bank before maturity and for full value. The said note not being paid by the makers thereof as aforesaid, the said Central National Bank demanded payment thereof from the plaintiff, whereupon the said plaintiff in order to protect his indorsement aforesaid,

took up and paid the said note to the bank, paying therefor the full amount thereof with protest charges.

Whereupon the plaintiff became and now is the bona fide holder and owner of the said note for full value under the circumstances aforesaid.

The following is a copy of the said promissory note:

" $250.                              PHILA. Pa., Sept. 16th, 1895.

" Three months after date we promise to pay to the order of The Builders' National Machine Mortar Co. Two hundred and fifty Dollars 1450 N. 9th St. without defalcation, value received.
" No.        Due              JACOB F. POTTER & CO."
Endorsed :
" BUILDERS' NATIONAL MACHINE MORTAR CO.
        " JNO. J. KROMER, Treas.
        " H. VAN BRUNT
        " JNO. J. KROMER, Treas."

Plaintiff avers that the said note was duly protested at maturity for nonpayment and that the whole amount thereof, viz : $250, with interest and protest charges, as aforesaid, is now justly due to the plaintiff and payable by the defendants, and that there are no offsets or credits of any kind against the same.

The affidavit of defense averred as follows :

The note upon which this suit is brought was made by the defendants for the accommodation of the payee thereof, a corporation called the Builders' National Machine Mortar Company, for the purpose of enabling the said payee to borrow money thereon.   No value or consideration was received for the said note by the defendants or was any given by the said payee.

The plaintiff, who is one of the directors of the said payee, procured the said note to be discounted by the Central National Bank, and the amount realized from the discount thereof was received and retained by the said payee.

It was the duty of the said payee to pay the said note at maturity and it was not the duty of the defendants to pay the same, and no liability upon the said note exists which the said payee can enforce against the defendants.

Nothing whatsoever is due or payable by the defendants to the said payee on the said note.

The said note matured while it was held by the said Central

National Bank and it was protested for nonpayment at maturity while in the possession of the said bank, and it came into the possession of the plaintiff after it was due and after it had been protested. The plaintiff is not a bona fide holder for value of said note before its maturity. That by reason of having obtained possession of said note after its maturity the plaintiff is affected with the defenses existing thereto between the defendants and the said payee.

The said payee is indebted to the defendants in the amount of $2,967.04 for merchandise sold and delivered by the defendants to the said payee and which sum is also claimed herein as a set-off in this action, and to recover which sum the defendants have brought suit against the said payee in the court of common pleas, No. 2, of Philadelphia county, of March term, 1896, No. 9, as by reference thereto will more fully appear, and which debt remains unpaid.

### SUPPLEMENTAL AFFIDAVIT.

The said H. Van Brunt is the plaintiff in this action. Deponent is advised and avers that the said indorsement is irregular and not in the usual course of business.

That the said note is not the property of the plaintiff, but belongs to the assignee for benefit of creditors of the said Mortar Company, which made an assignment for benefit of creditors on December 10, 1895, to Christopher Fallen, Esq.

That at the time said note was made it was a second renewal for a like amount of a previous promissory note made for the accommodation of the said Mortar Company, and for which a receipt was given, of which the following is a copy: " Philadelphia, February 28th, 1895, Received of Jacob F. Potter & Co., their note, at 3 mos. for two hundred and fifty dollars, which note is given as a loan for the use of this company. Builders' National Machine Mortar Co., Jno. J. Kromer, Treas."

That the plaintiff, at the time he obtained possession of the said note, had full knowledge of all the facts stated in both of the defendants' affidavit of defense, filed in this case and as above set forth.

*Error assigned* was making absolute the rule for judgment for want of a sufficient affidavit of defense.

594    VAN BRUNT *v.* POTTER & CO., Appellants.

Arguments—Opinion of the Court.    [2 Super. Ct

*Charles L. Smyth,* for appellants.—The plaintiff having taken the note after its maturity, accepted it subject to all defenses between the payee and the makers. The payee could not recover upon it from the makers, because, as between the original parties, the want of consideration is available as a good defense. Peale v. Addicks, 174 Pa. 543 ; Bower v. Hastings, 36 Pa. 285; Hughes v. Large, 2 Pa. 103 ; Clay v. Cottrell, 18 Pa. 408; Hoffman v. Foster, 43 Pa. 137 ; Long v. Rhawn, 75 Pa. 128.

It is not alleged by the plaintiff that he is a holder for value before maturity. This omission was held to be fatal in Shoe Co. v. Eichenlaub, 127 Pa. 164 ; Oberle v. Schmidt, 86 Pa. 221 ; Moeck v. Little, 82 Pa. 354.

*Wm. S. Divine,* for appellee.—It is not a fraud to use accommodation paper for the purpose for which it was intended : Trust Co. v. Hart, 118 Pa. 565 ; Holmes v. Paul, 5 Clark, 461 ; Gatzsmer v. Pierce, 13 Phila. 88.

OPINION BY SMITH, J., November 9, 1896 :

The liabilities of the parties to accommodation paper, in this state, have long been settled. As said by BLACK, C. J., in Lord v. The Ocean Bank, 20 Pa. 384, " He who chooses to put himself in the front of a negotiable instrument for the benefit of his friend must abide the consequence. Accommodation paper is a loan of the maker's name without restriction on the manner of its use."

The proposition that an indorser of such a note, who has paid it after maturity, upon the maker's default, cannot recover from the maker, for the reason that he does not receive it until after maturity, is utterly without foundation. Such an indorser is not a purchaser after maturity. He does not take the note as a purchaser. His contract of indorsement binds him to take up the note by payment upon failure of the maker to meet it at maturity, and it is under this contract that he comes into possession of the note upon payment. His right to recover against any prior party has its inception in his indorsement, and becomes complete when he has paid the note. The rules in relation to a holder by purchase have no application.

In the present case, the history of the note is fully set forth in the pleadings. It was made by the defendants September 16,

1895, at three months, to the order of the Builders' National Machine Mortar Company, and being indorsed by the payee, and by the plaintiff, was taken by the Central National Bank in renewal of a similar note previously given for the accommodation of the payee. It was protested at maturity, and paid by the plaintiff. The defendants, so far from denying this, say in the first affidavit of defense that "the note matured while it was held by the Central National Bank, and was protested for nonpayment at maturity while in possession of said bank;" and in the second affidavit they add that "at the time said note was made it was a second renewal for a like amount of a previous promissory note."

Upon these facts, the right of the plaintiff to recover from the defendants is clear.

The alleged indebtedness by the payee to the defendants is not an equity growing out of the note or of the transaction in which it was given, and would in no aspect of the case be a defense to this action: Hughes v. Large, 2 Pa. 103; Long v. Rhaun, 75 Pa. 128.

The allegation that the note is not the property of the plaintiff, but belongs to the assignee for the benefit of the payee's creditors, under an assignment made December 10, 1895, is inconsistent with the other allegations by the defendants in relation to its ownership. It is evident, from the affidavits of defense, that the note was indorsed by the payee to the Central National Bank, at or about the time of its date, in renewal of a previous note, and that it was held by that bank until its maturity. The note being thus owned by the bank at the date of the assignment, the payee had then no interest in it to assign. In relation to the note, its position was that of liability as first indorser, instead of ownership.

Nothing is shown in either affidavit of defense to defeat the plaintiff's right to recover, and the judgment is therefore affirmed.