Nicholas Ulrich *v.* H. L. Getz and N. L. Getz, Administrators of Levi G. Getz, deceased, and John Stewart, Guardian of Hagar Frank, Appellants.

*Statute of limitations—Evidence required to toll—Charge of court.*

Where a promise to pay is relied on to take a note out of the bar of the statute of limitations the jury were instructed : "It is incumbent on the plaintiff to show, before there can be any recovery by him in this case, that it has been taken out of the statute of limitations by evidence that the defendant acknowledged the indebtedness and promised to pay it. Such acknowledgment must be clear and unequivocal ; it must be certain and unqualified ; it must have special reference to the note in suit." The defendant had no ground for complaint.

*Evidence—Letters—Province of court.*

Where letters are in evidence it is the province of the court to pass upon them and to instruct the jury as to their pertinence and probative force.

Argued Nov. 16, 1898. Appeal, No. 72, Oct. T., 1898, by defendants, from judgment of C. P. Lancaster Co., May T., 1884, No. 38, on verdict for plaintiff. Before RICE, P. J., ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit. Before BRUBAKER, J.

The facts sufficiently appear in the opinion of the court.

Verdict and judgment for plaintiff for $790.47. Defendants appealed.

*Errors assigned* among others were (1) in refusing to affirm defendants' sixth point, which point and answer are as follows :

" 6. In the alleged conversation between Jos. R. Snyder, Jacob S. Snyder and Levi G. Getz, neither the date, the amount nor the maker of the note spoken of was mentioned.   Neither was there anything referred to by them in said alleged conversation which would identify the note then spoken of as the note in suit, and the verdict must be for the defendant.   *Answer :*   This point we also refuse.   We say there is sufficient evidence, if you believe it, to identify this note, that is, that this evidence of the Snyders, if believed, is sufficient to identify the note." (2) in the charge to the jury in that part which reads as follows (speaking of the testimony of Harriet Hippard) : " Of course, gentlemen, if that was the only evidence here, it would not be sufficient to toll the statute of limitations ; but the testimony of young Mr. Snyder and the elder Mr. Snyder shows there was a distinct acknowledgment of this debt, and a promise to pay it ; and if you believe that conversation had reference to this note in suit, and they say it had, then your verdict must be in favor of the plaintiff in this case."    (3) In not giving binding instructions in favor of defendants.    (12) In refusing to affirm defendants' third point, which point is as follows : " 3. The making of the note payable to Harriet Donaven, the mother, can be explained that it was intended for the use of her daughter, Hagar Frank.   And if the jury believe from the evidence that it was so intended, the verdict should be for the defendant."    (13) In answer to defendants' fourth point, which point and answer are as follows : " 4. If the jury should believe that Harriet Donaven left any money or valuables in Getz's hands, in trust for the use of her daughter, Hagar Frank, a child then seven years of age, and Getz executed such trust by raising, maintaining and educating said daughter, and by giving her a valuable outfit at the time of her marriage, then there can be no recovery in this case, and the verdict should be for defendant.    *Answer :*   The court also refuses this point.    There is not a scintilla of testimony here on this point, except the testimony of the brother, and that was not sufficient and, therefore, could not affect the note." (15) In refusing to affirm defendants' seventh point, which point is as follows : " 7. The words, ' I will come out West next spring and pay off the note,' in connection with the words, ' I will come out and settle it off and make it all right,' in the same conversation, are not a sufficient promise to pay on the part of

the maker of the note to toll the statute of limitation." (16) In answer to defendants' eighth point, which point and answer are as follows: "8. If the jury believe that Harriet Hippard left the money collected of Abner Frank in the hands of Levi G. Getz for the use of her child, Hagar Frank, there can be no recovery now on the note in suit. *Answer:* This point is refused, because there is no evidence to support it."

*Simon P. Eby* and *Wm. R. Harnish,* for appellants.—The witness's opinion that he did not deny his liability, or that he admitted it, will not do unless the words on which the opinion is based are given, so that the court and jury may determine whether the opinion is well founded: Hartranft's Est., 153 Pa. 530; Gerhard v. Gerhard, 4 Atl. Rep. 5.

In order to take a case out of the statute of limitations, a promise to pay must refer distinctly and specifically to the original debt: Clark v. Maguire, 35 Pa. 259; Huff v. Richardson, 19 Pa. 388; Harbold v. Kuntz, 16 Pa. 210; Shitler v. Bremer, 23 Pa. 413; Emerson v. Miller & Cantwell, 27 Pa. 278; McKinney v. Snyder, 78 Pa. 497; Landis v. Roth, 109 Pa. 621.

Parol evidence was admissible to show the purposes for which this note was given. It is even admissible to show the purpose for which a mortgage is given, though absolute in its terms: Peterson v. Willing, 3 Dallas, 506; Miller v. Fichthorn, 31 Pa. 253; Irwin v. Shoemaker, 8 W. & S. 75; Leas v. James, 10 S. & R. 307; Greenawalt v. Kohne, 85 Pa. 369.

*E. D. North* and *H. M. North,* for appellee.—To take the case out of the statute of limitations, the acknowledgment need not refer to the amount of the debt, and the court below was perfectly justified in saying in his charge to the jury that, "the testimony, if credited, was sufficient to avoid the force of the statute." His position is sustained by Yaw v. Kerr, 47 Pa. 333, and Criswell v. Criswell, 56 Pa. 130.

Whether there is any evidence at all is a pure question of law for the court, whether it is sufficient to entitle the plaintiff to recover is a mixed question of fact and law, to be submitted to the jury under instructions: Barwell v. Wirth, 61 Pa. 133.

As to appellant's third point, it is sufficient to say that there was not only no evidence, but not even any allegation of fraud

in obtaining the note, or that anything was omitted from it by fraud, accident or mistake, or that there was any contemporaneous parol agreement on the faith of which it was given, or without which it would not have been given, and therefore parol evidence was not admissible to qualify the note : Phillips v. Meily, 106 Pa. 536 ; Meily v. Phillips, 16 W. N. C. 429 : Wolf v. Rosenbach, 2 Pa. Superior Ct. 587 ; Clarke v. Allen, 132 Pa. 40 ; Bank v. Thompson, 144 Pa. 393 ; Thorne v. Warfflein, 100 Pa. 519 ; Hoffman v. R. R. Co., 157 Pa. 174.

The defendant does not deny and never has denied that he owes the money on this note. If there is any other claimant of the money he could have paid the money into court and thereby avoided all risk, r·-·ᵈᵉʳ the Act of March 11, 1836, sec. 4, P. L. 76. He has no interest in the note : Way v. Richardson, 3 Gray (Mass.), 412 ; Ballentine v. McGeogh, 4 Brewster, 95 ; Church v. Jones, 155 Pa. 122.

Opinion by Smith, J., January 18, 1899 :

This action was brought on a promissory note made by Levi G. Getz, for $350, to the order of Harriet Donaven. The maker having died, the action was duly continued against his administrators. The note was transferred by the payee to the plaintiff after maturity, and is, therefore, subject to any defense which might be made against the payee, growing out of or connected with the note or attaching to it while in the payee's hands : Long v. Rhawn, 75 Pa. 128. There is no denial that the money for which the note was given was received by the maker in settlement of a claim of the payee against a third person, which settlement had been effected largely through the maker's assistance. There is no evidence or allegation that the defendant ever paid the note to the payee or to any person at her request. It is asserted in the appellant's paper-book that the money was expended in the maintenance of the illegitimate child of the payee, but there is nothing in the evidence sufficient to warrant the inference that the maker was authorized by Harriet Donaven to so apply it. The contention that the note was given in trust for this child and that the latter was entitled to the proceeds, has nothing in the evidence or the law to support it. The note is an ordinary promissory note and is entitled to the protection and subject to the limitations relative to this class of

paper, under the commercial law. There is no proof of fraud or mistake in the execution of the paper and none is alleged. In fact the entire transaction, including the execution and delivery of the note, seems to have been brought about through the voluntary assistance and management of the defendant. It is noticeable also that all suggestions to pay less than the amount of the note came from the defendant and were not assented to by the payee. A careful scrutiny of her letters and her testimony, disclosed a consistent desire to obtain the money from the defendant, without discommoding him or injuriously affecting her child Hagar. In a certain sense the defendant may have displayed a laudable desire to secure a part of the money due on the note for the child, Hagar, but it would be equally creditable to have paid it according to the express undertaking, and referred the question of the rights of the mother and daughter, if they differed on this point, to the proper tribunal, where it could have been judicially settled: Church v. Jones, 155 Pa. 122. It is no doubt true " that where, at the execution of a writing a stipulation has been entered into, a condition annexed, or a promise made, by word of mouth, upon the faith of which the writing has been executed, parol evidence of this is admissible, though it may vary and materially change the terms of the contract." But it was not shown or offered to be shown here that any of those conditions existed, and the rule referred to has, therefore, no application. It was for the court to pass upon the letters and instruct the jury as to their pertinence and probative force.

The execution of the note was admitted, and the main question raised by the assignment of errors is the sufficiency of the evidence touching the acknowledgment of the debt and the promise to pay it, so as to take the claim out of the statute of limitations. The note was due October 4, 1877, and this action was brought May 9, 1894. The testimony relied upon to overcome the bar of the statute was contained in the depositions of Joseph R. Snyder and Jacob S. Snyder, of Illinois, taken under a commission. From this testimony, it appears that while visiting at Lancaster county, Pennsylvania, the Snyders called on the maker January 4, 1883, at his home, and demanded payment of the note on behalf of the payee, telling him that they called at her request. In reply the defendant said: " I suppose Harriet would like to have the money on that note and I wish

she had it; I wish it was settled up; I am tired of keeping it. You tell Harriet I am going to Iowa this summer, and I will call on her at her home in Benson, Illinois, and pay the money direct to her." He further said "that he was going West the following spring and he would stop off and pay her the money and take up the note." These witnesses also said the conversation " was entirely about this note in suit, the $350 note, and had no reference to any other note." It was also shown that no other note or transaction was referred to or existed between the maker and the payee at that or any other time. On the question of the measure of proof required to toll the statute, the learned trial judge instructed the jury that " it is incumbent on the plaintiff to show, before there can be any recovery by him in this case, that it has been taken out of the statute of limitations by evidence that the defendant acknowledged the indebtedness and promised to pay it. Such acknowledgment must be clear and unequivocal; it must be certain and unqualified; it must have specific reference to the note in suit." This instruction was in no manner modified by the other parts of the charge, and, we think, presented the question as strongly in favor of the defendant as the rule governing the subject required.

It would be useless to notice the assignment of errors in detail. Some of the specifications are in violation of our rules and others relate to immaterial and impertinent matters. We have briefly referred to the material questions presented by the record. The case seems to have been fairly tried and the instructions to the jury covered all matters which their duties required them to consider. No error calling for a reversal of the judgment appears.

. The assignment of errors is overruled and the judgment is affirmed.