## Clothier *v.* Webster Foundry Sand Company, Appellant.

*Promissory notes—Affidavit of defense—Accommodation note.*

In an action against the maker of a promissory note the affidavit of defense alleged as follows: "Deponent denies that the said plaintiff is a bona fide holder for value, without notice, of said note, as alleged in this statement in this cause, but declares that he, the said plaintiff, had full knowledge of the circumstances connected with the giving of said note, that it was wholly without consideration and for the accommodation of the indorser and said plaintiff." The arrangement between the plaintiff and the indorser is then fully set forth, the affidavit then averring: "That this deponent, on behalf of the defendant, assented to said proposition and agreed to give said note and did so give it, with the full understanding and agreement that it was solely for the accommodation of the said plaintiff and the payee, and that they would protect and pay it at maturity and save the defendant harmless from loss in the transaction. That when the said note was about to mature, the said payee and plaintiff requested a new note in renewal of it and that said note in suit was then given in renewal of the former note, at their said request, but without any consideration therefor to the defendant or any change in the conditions of liability for payment of the debt which was solely that of the payee and plaintiff." *Held*, that the affidavit of defense was sufficient to prevent judgment.

Argued Oct. 10, 1902. Appeal, No. 271, Oct. T., 1901, by defendant, from order of C. P. No. 5, Phila. Co., March T., 1901, No. 510, making absolute a rule for judgment for want of a sufficient affidavit of defense in case of Albert E. C. Clothier v. Webster Foundry Sand Company. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Assumpsit on a promissory note.

Rule for judgment for want of a sufficient affidavit of defense.

The material averments of the affidavit of defense are quoted in the opinion of the Superior Court.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*V. Gilpin Robinson*, for appellant.—Paper indorsed for the

accommodation of a party, so as to assist that party in raising money upon it, cannot be enforced against the accommodating party, while it remains in the hands of the party accommodated. See Peale v. Addicks, 174 Pa. 543 ; Chestnut Street National Bank v. Ellis, 161 Pa. 241.

*M. J. O' Callaghan*, with him *Frank E. Schermerhorn* for appellee.—If the plaintiff discounted it himself he became a holder for value and could recover on the note notwithstanding his knowledge that no consideration passed between maker and payee : Liebig Mfg. Co. v. Hill, 7 Pa. Superior Ct. 15; 9 Pa. Superior Ct. 469 ; Penn Safe Deposit and Trust Co. v. Stetson, 175 Pa. 160 ; Philler v. Patterson, 168 Pa. 468 ; Moore v. Baird, 30 Pa. 138 ; Daniel on Negotiable Instruments (3d ed.), sec. 790 ; Stephens v. Monongahela National Bank, 88 Pa. 157.

OPINION BY BEAVER, J., November 19, 1902 :

If the averments contained in the affidavit of defense are true—and they are to be so taken by us—the use by the plaintiff of the note, upon which the suit is founded, is a fraud upon the rights of the defendant.    In the affidavit " deponent denies that the said plaintiff is a bona fide holder for value, without notice, of said note, as alleged in his statement in this cause, but declares that he, the said plaintiff, had full knowledge of the circumstances connected with the giving of said note, that it was wholly without consideration and for the accommodation of the indorser and said plaintiff."    The arrangement between the plaintiff and the indorser is then fully set forth, the affidavit then averring : " That this deponent, on behalf of the defendant, assented to said proposition and agreed to give said note and did so give it, with the full understanding and agreement that it was solely for the accommodation of the said plaintiff and Moffatt and that they would protect and pay it at maturity and save the defendant harmless from loss in the transaction."

" That, when the said note was about to mature, the said Moffatt and plaintiff requested a new note in renewal of it and that said note in suit was then given in renewal of the former note, at their said request, but without any consideration therefor to

the defendant or any change in the conditions of liability for payment of the debt which was solely that of the said Moffatt and plaintiff." If the transaction recited in the affidavit of defense had taken place between the plaintiff and the defendant, there can be no question whatever as to the right of the defendant to set it up as a complete .defense to the payment of the note upon which the plaintiff claims. How can it be different, if the note was given under an arrangement between the plaintiff and the indorser on the one hand and the defendant on the other? The fact that the plaintiff subsequently discounted the note puts him in no better position than if it had been made directly to him in pursuance of an arrangement such as is recited in the affidavit between himself and the defendant. He was to " pay it at maturity and save the defendant harmless from loss in the transaction." The fact that the obligation to do so was a joint one, in which the indorser and plaintiff joined, does not relieve the plaintiff from the onus of the obligation. The plaintiff could not, therefore, be a bona fide holder for value : Chestnut Street National Bank v. Ellis, 161 Pa. 241; Peale v. Addicks, 174 Pa. 543.

Whether or not the proofs of the defendant as to quantity and quality will measure up to the requirements of the law in regard to the attempt to vary the terms of a written instrument cannot now be determined. If the allegations contained in the affidavit are made good, as required by the well known rule in such cases, the fraud upon the defendant will be manifest.

It is difficult for us to pass upon the question of practice raised, in regard to the motion for judgment for want of a sufficient affidavit of defense after the entry of a plea, for the reason that the rules of court governing the subject are not set forth in the appellant's paper-book, and, inasmuch as a question of fact was raised by the affidavit accompanying the petition to strike off the judgment and the answer of the plaintiff thereto, which has been passed upon by the lower court, we are disposed to accept the finding of the court in relation thereto. Judgment reversed and a procedendo awarded.