## First National Bank of Mahanoy City v. Dick, Appellant.

*Promissory notes—Accommodation notes—Want of consideration—Notice.*

The making of an accommodation note is a loan of the maker's credit, with no restriction on its use. Hence, in an action on such note by an indorsee for value before maturity, want of consideration, even though known to the indorsee on receiving the note, is no defense.

In an action upon a promissory note, where the affidavits of defense leave it uncertain whether the note in suit was discounted for the maker or for the indorser, it is immaterial whether the plaintiff who had discounted the note for value had notice or not of the fact that it was an accommodation note. In such a case the maker is liable to the plaintiff for his own debt if the note was discounted for him, and as an accommodation maker, if it was discounted for the indorser.

*Promissory notes—Parol agreement—Evidence.*

In an action by a bank against the maker of a promissory note which the bank had discounted, parol evidence is inadmissible of an alleged agreement that the bank would not look to the defendant for the note, but would collect it from the indorser.

*Promissory notes—Payment at bank—Evidence.*

In an action upon a promissory note, it is immaterial as a defense that when the note matured the maker had on deposit in the bank at which it was payable an amount sufficient to meet it, unless this was lost through failure to present the note for payment.

Argued Jan. 16, 1903. Appeal, No. 43, Jan. T., 1903, by defendant, from judgment of C. P. Luzerne Co., Feb. T., 1902,

No. 176, making absolute rule for judgment for want of a sufficient affidavit of defense in case of First National Bank of Mahanoy City v. Arthur E. Dick.  Before BEAVER, SMITH, W. W. PORTER, W. D. PORTER and MORRISON, JJ.  Affirmed.

Assumpsit by indorsee against maker of a promissory note.

The affidavit of defense was as follows :

That the note upon which this action is founded, dated September 28, 1899, was given to John A. Titman for powder, which said Titman was to furnish to Arthur E. Dick, said note having been given in advance of the powder being furnished.  That said J. A. Titman never furnished the said powder, hence there was never any consideration for the note coming to the defendant in this case.

That the First National Bank, of Mahanoy City, had knowledge of all these facts, having been personally informed by said Arthur E. Dick that Titman had failed to furnish the powder, and for that reason he would not pay the note.   That, although said note was due on December 28, 1899, according to the terms thereof no demand for payment was made on said defendant at the First National Bank, of Hazleton, Pa., as provided for in said note, nor at any other place.   That defendant called upon said plaintiff bank at Mahanoy City, where he was assured by their cashier that Titman was perfectly good, and while they had discounted the note for him they would look to said Titman for payment and not to the defendant, thereby waiving all rights they had to collect from the defendant.

That defendant does not owe the amount of this note to the said First National Bank, of Mahanoy City, nor any part thereof.

That no suit has been instituted by said bank against John A. Titman, indorser and guarantor, nor has any attempt been made to secure payment from him.   That under said waiver by the bank and their understanding with the defendant in this case he does not owe said plaintiff bank anything on account of said note, or on account of any other cause or thing.

The supplementary affidavit of defense was as follows :

That at the time of the giving of the note upon which this suit

is brought, and prior thereto, the plaintiff had full knowledge of the facts of the case and defense of the defendant.

That the said plaintiff is not an innocent holder of said note. That at the time, and prior to the plaintiff becoming the owner of the note upon which suit was brought, the defendant repaired to the bank of the said plaintiff and informed the plaintiff that he would not give the note to the said John A. Titman for the reason that said Titman had not delivered the powder as agreed to for which the note would be given.    Thereupon the plaintiff said to the defendant, that he should give the note to the said John A. Titman as said Titman was good for the amount, and that they would not look to the said defendant for the amount of the note, but would collect it and hold said Titman alone for it.    That the said Titman had considerable money and was a depositor in their bank.    That they were taking the note as an accommodation and that no recourse whatever would be had to the said defendant if he would give said note, and they further said, that he should just give the said note and Titman would pay it at maturity, and if it was not paid by the said Titman at maturity that then they would sue him for the amount thereof, but would not look to the said defendant for any amount of the said consideration of the note.    That it was with this understanding that the note was given by said defendant to Titman, and from Titman to the said plaintiff.    Plaintiff said that the said Titman owed the bank money, and this was one way to get the amount of money as stated in the note.    That by reason of said agreement of said plaintiff and the statements thereof said note was given.    That plaintiff induced said defendant to give said note as they said they would not look to him, but would look to John A. Titman for the amount of said note, and that it was for this reason that he signed and gave said note.

That at the maturity of the said note in question, being December 28, 1899, the defendant, A. E. Dick, did have on deposit at the said Hazleton National Bank the amount of said note, but said note was not presented at the bank on the day of maturity or at any other time.    That he does not owe the plaintiff anything on account of said note or anybody else.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*J. H. Bigelow*, with him *C. W. Kline* and *Abner Smith*, for appellant, cited : Fisher v. Saylor, 78 Pa. 84 ; Jacobs v. Mitchell, 46 Ohio, 601 ; Girard Bank v. Comly, 2 Miles, 405 ; Grubb v. Cottrell, 62 Pa. 23 ; Rockhill v. Moore, 1 Clark, 392; Scott v. Lobb, 1 W. N. C. 281 ; Emery v. Kelley, 2 W. N. C. 51.

*A. C. Campbell*, with him *John R. Sharpless*, for appellee, cited: Stephens v. Monongahela Nat. Bank, 88 Pa. 157 ; Superior Nat. Bank v. Stadelman, 153 Pa. 634 ; Peck v. Jones, 70 Pa. 83 ; Wolf v. Rosenbach, 2 Pa. Superior Ct. 587 ; Winton v. Freeman, 102 Pa. 366.

OPINION BY SMITH, J., March 12, 1903 :

The liability assumed by the defendant, in giving the note in suit, is to be determined by well settled legal principles.

The making of an accommodation note is a loan of the maker's credit, with no restriction on its use. In this state, for half a century, at least, this principle has stood unquestioned : Lord v. Ocean Bank, 20 Pa. 384 ; Carpenter v. National Bank of the Republic, 106 Pa. 170 ; Hart v. United States Trust Co., 118 Pa. 565 ; National Union Bank v. Todd, 132 Pa. 312 ; Penn Safe Deposit, etc., Co. v. Kennedy, 175 Pa. 160. Hence, in an action on such note, by an indorsee for value before maturity, want of consideration, even though known to the indorsee on receiving the note, is no defense. And while under certain well defined conditions, a written instrument may be reformed by parol evidence, this is only as to matters omitted through fraud, accident or mistake, since the purpose of reformation is to mould the contract in conformity with the intention of the parties. It does not extend to matters which the parties have designedly omitted. Nor can the legal effect of a written instrument be defeated by a contemporaneous parol provision in absolute contradiction of its essential terms. Revocation is not reformation. A written contract must be sustained, against a parol stipulation, purposely omitted, which is in effect a rescission : Martin v. Berens, 67 Pa. 459 ; Commercial Nat. Bank v. Henninger, 105 Pa. 496 ; Clarke v. Allen, 132 Pa. 40 ; Ziegler v. McFarland, 147 Pa. 607 ; Union Storage Co. v. Speck, 194 Pa. 126.

In the present case, the affidavits of defense are of such a

character as to leave it uncertain whether the note in suit was discounted for the maker or for the indorser, and whether the matters set up as a defense were known to the plaintiff bank when it took the note. Since matters not distinctly set forth are to be deemed nonexistent, we might properly eliminate these questions, and regard the affidavits as alleging only a want of consideration, which in this action is no defense. But, viewing the case so far as disclosed, it is obvious that as to either the maker or the indorser, the note was accommodation paper, and knowledge of this by the bank would in noway affect the liability of the parties. If the note was discounted for the maker, that, as to him, was the consideration, and none was necessary between maker and payee; hence the failure of the latter to furnish the stipulated consideration, alleged in the affidavits, has no bearing on the maker's liability to the bank. If discounted for the indorser, this was done not only on his credit, but on the credit of the maker, loaned to him, and the case is governed by the rule respecting liability on accommodation paper. It is difficult, indeed, to understand the affidavits as importing that the note was discounted for the indorser. According to these, the plaintiff told the defendant that the endorser, Titman, "had considerable money, and was a depositor in their bank," and that the bank would not look to the defendant for the note but would collect it of Titman; explaining, further, that "Titman owed the bank money, and this was one way to get the amount of money, as stated in the note." This is scarcely intelligible. If Titman owed the bank, and was a depositor, the bank could set off his indebtedness against his deposit; and if the note was discounted for him, the bank, in collecting it from him, would only receive payment of the loan. If the note was discounted for the maker, and collected by the bank of the indorser, the latter could thereupon recover it from the maker: Van Brunt v. Potter, 2 Pa. Superior Ct. 591. In an action for that purpose, the failure of consideration alleged in the affidavits would have no place.

Thus, in any view of the transaction, the defendant is liable to the bank for his own debt if the note was discounted for him, and as an accommodation maker if it was discounted for the indorser.

In some respects this case resembles that of Clothier v. Webs-

ter Foundry Sand Co., decided by this court last November, and reported in 21 Pa. Superior Ct. 386. On the point, however, on which that case was decided, there is a very material difference. In the case cited, besides averring that the plaintiff was not a bona fide holder for value, without notice, etc., the affidavit alleged that the note was given without consideration for the accommodation of the plaintiff and the indorser; and since a party for whose accommodation, either in whole or in part, a note is given, cannot recover of the accommodating party, the defense thus alleged was obviously sufficient. But while, in the case before us, it does not clearly appear whether the note was given for the accommodation of the maker or of the indorser, it certainly was not given for the accommodation of the plaintiff, nor is there any allegation that it was so given. The plaintiff, having discounted the note for one of the parties to it, is a holder for value, and his right to recover from either party is not affected by his knowledge that it was accommodation paper.

The alleged parol agreement that the bank would not look to the defendant for the note, but would collect it of the indorser, can avail nothing; being omitted by design, it affords no basis for reformation, and, in effect, it was a total revocation of the note. When a written instrument is accompanied by a parol stipulation, purposely omitted, by which it is absolutely canceled, it is the parol agreement, and not the written one, that is void. Like an exception coextensive with the grant, such a stipulation is a nullity.

It is not material that when the note matured the maker had on deposit, in the bank at which it was payable, an amount sufficient to meet it, unless this was lost through failure to present the note for payment. As this is not alleged, no ground of defense is presented.

Judgment affirmed.